CITY OF MACON, APPELLANT, v. HENRY RENNICK, RESPONDENT,—44 S. W. (2d) 249.

Kansas City Court of Appeals. December 7, 1931.

*John N. Franklin* for appellant.

*C. G. Buster* and *Waldo Edwards* for respondent.

CAMPBELL, C.—Plaintiff, by its city attorney, filed complaint in the police court of said city in which it is charged that defendant, within its corporate limits, "did then and there wilfully and unlawfully own and operate a motor vehicle . . . without first having obtained and paid a city license tax and displaying a metallic license plate provided to car owners by said city when said license tax is paid, contrary to and in violation of, section 10 of an ordinance of the city of Macon, entitled an ordinance in relation to speed of automobiles and licenses therefor, numbered 918 and approved August 6, 1928." . . .

After the cause was lodged in the circuit court by appeal, an amended complaint was filed therein, the charging part of which is that defendant "did then and there wilfully and unlawfully own a Buick sedan motor vehicle and did operate the same upon the streets of said city without first having paid to the collector of said city a license tax and procuring from the clerk of said city a license for the operation of said motor vehicle in said city, contrary to and in violation of sections 10, 12 and 15 of an ordinance of the city of Macon,

Missouri, entitled an ordinance in relation to the speeds of automobiles and licenses therefor numbered 918 and approved August 6, 1928." . . .

The case came on for trial before the court and a jury, and counsel for plaintiff offered in evidence a certified copy of an application for a certificate of title for a motor vehicle, and an owner's application for registration of a motor vehicle.

The defendant's counsel objected to the introduction of any evidence in the cause for the reason that plaintiff "had no right to file an amended complaint." The court sustained the objection upon the theory that the amended complaint charged that the defendant violated sections 12 and 15 of the ordinance, whereas the original complaint charged that he violated section 10 thereof. The defendant was discharged, and plaintiff appealed.

The ordinance was not offered in evidence and the court could not take judicial notice of its provisions.

From aught that appears in the record, the amendment was in legal effect the same as the amendment in the case of the City of Mexico v. Sharp, 300 S. W. 308.

When the case reached the circuit court it should have been proceeded with "in the same manner as is provided in cases of appeal from judgments of justices of the peace in cases of misdemeanors." [Sec. 6773, R. S. Mo. 1929.]

Upon the record, the amendment was authorized by the provision of section 3417, Revised Statutes, Mo., 1929. We do not mean to hold that the information could be amended in the circuit court so as to charge a new and different offense from that charged in the original complaint. But inasmuch as the ordinance was not offered in evidence it was not within the province of the court to determine that sections 12 and 15 thereof created a different offense from that created by said section 10. Moreover, the objection to the introduction of evidence did not present to the court the question as to whether or not the amended complaint charged a new and different offense from that charged in the original complaint. [State v. Gregory, 76 S. W. 970, 178 Mo. 48.]

The judgment is reversed and the cause remanded. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded. All concur.