### CITY OF RIVERSIDE, Missouri, Respondent,

### v.

### Altone JOHNSON, Appellant.

### No. KCD 26718.

Missouri Court of Appeals,
Kansas City District.

March 4, 1974.

Jerry Conkling, Kansas City, for appellant.

Witt & Shafer, Don Witt, Platte City, for respondent.

Before DIXON, C. J., and SHANGLER, and WASSERSTROM, JJ.

PER CURIAM.

Defendant was convicted in Riverside Municipal Court for violation of a city ordinance prohibiting driving while intoxicated. Appeal was taken to the Circuit Court of Platte County for a trial de novo. On March 1, 1973, defendant appeared with counsel and waived jury trial. The court heard the evidence for the prosecution, the defendant offered no evidence. Thereafter, the court declared:

"It is the finding of the court that the man is guilty as charged in the information and is fined $100 and costs."

Counsel requested a "stay" of fine and costs to permit defendant to make application for a hardship driver's license. The stay, until April 5, 1973, was granted. On April 5, 1973, defendant filed his motion for new trial, which was overruled on April 7, 1973.. Notice of Appeal to this court was filed on April 13, 1973.

 The procedure in the circuit court for appeals from municipal courts—except as to the right of appeal itself—is governed by the rules of criminal procedure. § 98.020 RSMo1969, V.A.M.S., City of Clayton v. Nemours, 237 Mo.App. 167, 164 S.W.2d 935 (1942); City of St. Louis v. Meixner, 285 S.W.2d 50 (Mo.App.1955); Kansas City v. Stricklin, 428 S.W.2d 721 (Mo. banc 1968). Criminal Rule 27.20(a), V.A.M.R., mandates that a motion for new trial be filed before judgment and within ten days of rendition of verdict. [See: State v. Ezell, 470 S.W.2d 162 (Mo.App. 1972)] Judgment and sentence must be imposed "after the motion for new trial and other presentence procedures have been disposed of." State v. Absher, 439 S.W.2d 11, 12 (Mo.App.1969); State v. Jaeger, 394 S.W.2d 347, 354 (Mo.1965). A judgment rendered and a sentence imposed before the defendant has exercised his legal right to file a motion for new trial, or before the motion has been timely filed and ruled upon, is illegal and void. State v. Grant, 380 S.W.2d 799 (Mo.1964); State v. Summers, 477 S.W.2d 721 (Mo.1972); State v. Jaeger, *supra*.

 No record entry appears which purports to be a final judgment and sentence, other than the remark of the trial court made when the court entered its verdict on the question of guilt or innocence. Therefore, there is no final judgment and the appeal is premature. State v. Myers, 467 S.W.2d 577 (Mo.App.1971); State v. Nichols, 474 S.W.2d 54 (Mo.App.1971); State v. Absher, *supra*. No formal judgment and imposition of sentence having been made, the trial court retains jurisdiction to do so. State v. Grant, *supra*, and case cited therein.

The submission of this case is set aside, the appeal dismissed, and the cause remanded to the trial court with direction to render a final judgment, from which an appeal may be properly taken.