**KANSAS CITY, Missouri, Plaintiff-Appellant,**

v.

**Joseph B. BOTT, Defendant-Respondent.**

No. 58455.

Supreme Court of Missouri,
En Banc.

May 13, 1974.

Aaron A. Wilson, City Counselor, Louis W. Benecke, City Prosecutor, Kansas City, Attorneys for Appellant.

Roger J. Barbieri, Leo C. Gotschall, Kansas City, Attorneys for Respondent.

Jack L. Koehr, City Counselor, James J. Gallagher, Associate City Counselor, St. Louis, Attorneys for Amicus Curiae, City of St. Louis.

James L. Muller, Kansas City, of counsel for respondent on the additional brief.

HENLEY, Justice.

The respondent, Joseph B. Bott (hereinafter the defendant), was charged by information filed in the municipal court of the city of Kansas City (hereinafter the city), with careless driving in violation of a municipal ordinance.[1] He was tried in that court without a jury, found not guilty, and ordered discharged. The city appealed from that judgment to the circuit court of Jackson county. On motion of defendant, the city's appeal was dismissed for the reason that to try him again would be to twice put him in jeopardy for the same offense in violation of the double jeopardy clause of the federal and state constitutions. The city appealed from that judgment to the Missouri Court of Appeals, Kansas City district.

That court determined that it did not have appellate jurisdiction, because the case involves construction of the constitution of the United States or of this state[2] and ordered it transferred to this court.[3]

As indicated, the basic issue presented is whether on appeal by the city from a judgment of acquittal of a defendant of violation of a municipal ordinance a trial de novo required in circuit court subjects a defendant to being twice put in jeopardy within the meaning and therefore in violation of the double jeopardy clause of the Fifth Amendment, U.S. Constitution,[4] or the double jeopardy clause of the Missouri constitution.[5]

1. The ordinance, § 34.112(a)(b), Revised Ordinances of Kansas City, is, in pertinent part, as follows: "(a) *Violations.* Any person who drives any vehicle . . . upon a street carelessly and heedlessly, in disregard of the rights or safety of others; or without due caution and circumspection; or at a speed and in a manner so as to endanger any person or property, shall be guilty of careless driving. (b) *Penalties.* Every person who is convicted of careless driving shall be punished by imprisonment in the [Municipal Farm] for a period of not less than three (3) days nor more than ninety (90) days, or by a fine of not less than fifteen dollar ($15.00) nor more

than five hundred dollars ($500.00), or by both such fine and imprisonment . . . ."

2. Mo.Const. Art. V, § 3, V.A.M.S.

3. Mo.Const. Art. V, § 11, V.A.M.S.

4. The double jeopardy clause of the Fifth Amendment is: " * * * nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb * * *."

5. The double jeopardy clause of Mo.Const. Art. I, § 19, is: " * * * nor shall any person be put again in jeopardy of life or liberty for the same offense, after being once acquitted by a jury * * *."

The Charter of Kansas City, a constitutional charter city, its Ordinances, and Rules [6] of this court provide that either the defendant or the city may appeal to the circuit court from a judgment of the municipal court in cases involving alleged violations of municipal ordinances [7] and provide that upon such appeal the case shall be tried and determined de novo.[8]

The city contends that its appeal from the judgment of its municipal court acquitting defendant of the offense of careless driving and a trial de novo of that charge in circuit court are not prohibited by the double jeopardy clause of either constitution, because (1) a prosecution for an offense against a municipal ordinance is a civil case despite its resemblance to a criminal case; (2) the appeal had the effect of nullifying the judgment of acquittal and a trial de novo is not a second prosecution for the same offense but is only a continuation of the original prosecution; (3) the violation of a municipal ordinance is 'a mere "petty offense" to which the constitutional guarantee against double jeopardy is not applicable.

■ The city also contends, and defendant seems to agree, that the double jeopardy clause of Mo.Const. Art. I, § 19, does not afford defendant any protection, because his acquittal was by a judge and not by a jury, whereas that clause protects only against being put again in jeopardy after being acquitted "by a jury." The double jeopardy clause of the Missouri constitution does not prohibit a trial de novo in circuit court of a charge of violation of a municipal ordinance after an acquittal thereof in municipal court in a trial before the judge without a jury; it is only after being acquitted *by a jury* that the state double jeopardy clause is applicable. See and compare Ward v. State, 451 S.W. 2d 79, 81 [4] (Mo.1970); Kansas City v. Henderson, 468 S.W.2d 48, 52 [1] Mo. 1971); Kepner v. United States, 195 U.S. 100, 128 and 133, 24 S.Ct. 797, 49 L.Ed. 114. Thus, the question is confined to whether such de novo trial on appeal after acquittal would violate the Fifth Amendment double jeopardy clause held by the Supreme Court of the United States in Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969) to be applicable to the states through the Fourteenth Amendment. To put this question another way, is Rule 37.84 (the only authority in this case for de novo trial in circuit court on appeal from an acquittal in municipal court) unconstitutional?

The courts of this state have said, as the city contends, that a prosecution for violation of a municipal ordinance is a civil action, despite its resemblance to a criminal action.[9] The city asserts that for this reason its appeal is permissible.

---

6. References to Rules are to Missouri Supreme Court Rules and V.A.M.R.

7. Article XIII, § 396.5, Charter of Kansas City, provides that appeals may be taken from municipal court to the circuit court by either the defendant or the city "in the manner and upon the conditions prescribed by law and rules of the Missouri Supreme Court."

Rule 37.78 provides "A defendant and the municipality shall be entitled to appeal from a judgment to the circuit court of the county or such other court having jurisdiction of such appeals within the time and in the manner provided by law."

Section 22.18, Revised Ordinances of Kansas City, as amended in 1969, provides that "[w]ithin ten (10) days from a judgment acquitting or discharging any defendant, the city counselor may appeal such case to the court having jurisdiction of the appeal * * *."

8. Rule 37.84 provides that "[a]fter an appeal from a judgment rendered in a municipal court has been entered upon the docket of the circuit * * * court * * *, the case shall be heard, tried and determined de novo in such * * * court as though the prosecution had originated in such court."

9. City of St. Louis v. Penrod, 332 S.W.2d 34, 35-36 [2-4] (Mo.App.1960); Kansas City v. Plumb, 419 S.W.2d 457, 460 [7-10] (Mo. App.1967); City of Clayton v. Nemours, 237 Mo.App. 167, 164 S.W.2d 935, 937-938 [3-4] (1942); Stevens v. City of Kansas City, 146 Mo. 460, 48 S.W. 658, 659 (1898);

In Stevens v. City of Kansas City, supra (48 S.W. at 659), the court said: "A proceeding in a police court to punish a violation of a municipal ordinance by a fine or imprisonment is civil in form, and quasi criminal in character. * * * It is governed by the rules of pleading applicable to civil cases, but, if it was solely civil, no fine or imprisonment could be inflicted. It is, therefore, a quasi civil and criminal action. Partaking of some of the features of each, its similitude to either is not complete. In pleading it is more nearly like a civil action, but in its effects and consequences it more nearly resembles a criminal proceeding." Discussing the sufficiency of a complaint charging violation of a municipal ordinance, the court said in City of St. Louis v. Ameln, supra (139 S.W. at 431), that "[g]enerally it is sufficient to charge the offense in the language of the ordinance, and with such certainty of time, place, and manner as to reasonably notify defendant of the charge preferred, thereby enabling him to prepare his defense and subsequently to plead res judicata, or, if criminal terminology is to be used, autrefois convict, or autrefois acquit." We might conclude from all that has been said by the courts on this subject that a prosecution for violation of a municipal ordinance is a legal hybrid, neither "civil" nor "criminal," and entitled to another designation, but we shall not quibble over a choice of labels; certainly, the resolution of whether or not, under the facts here, a second trial to determine guilt or innocence violates the Fifth Amendment double jeopardy clause may not be permitted to turn on whether the proper label is "civil" or "criminal" or another. The significant fact in the context of this case is that the possible effect and consequence of the action is a deprivation of liberty.

In North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), referred to by both the city and defendant, decided the same day as Benton v. Maryland, supra, the court was presented with questions regarding the results of a new trial which had been secured by and at the request of the defendant after a conviction. Therein lies a significant distinction between that case [10] and this; in this case the appeal which would result in another trial to again determine guilt or innocence was taken by the city after an acquittal of defendant.

Discussing the problems presented in that case, the court pointed out "that the Fifth Amendment guarantee against double jeopardy * * * has been said to consist of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." 395 U.S. at 717, 89 S.Ct. at 2076.

We are concerned here with the first protection. In connection with that protection the court in Pearce, supra, referred to Green v. United States, supra, in which it had said at 187–188:

"The constitutional prohibition against 'double jeopardy' was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense. * * * Substantially the same view was taken by this Court in Ex parte Lange, 18 Wall. 163, at page 169, 21 L.Ed. 872:

City of St. Louis v. Ameln, 235 Mo. 669, 139 S.W. 429, 431 [1–2] (1911); City of St. Louis v. Von Hoffman, 312 Mo. 600, 280 S.W. 421, 423 (Banc 1926); State ex rel. Cole v. Nigro, 471 S.W.2d 933, 935 (Mo. banc 1971) and cases therein cited.

10. Other cases referred to by the parties involving the double jeopardy clause where the first conviction was set aside at the behest of the defendant are: Colten v. Kentucky, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972); Price v. Georgia, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970); Benton v. Maryland, supra; Kansas City v. Henderson, supra; Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957).

'The common law not only prohibited a second punishment for the same offence, but it went further and forbid a second trial for the same offence, whether the accused had suffered punishment or not, and whether in the former trial he had been acquitted or convicted.'

"The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

"In accordance with this philosophy it has long been settled under the Fifth Amendment that a verdict of acquittal is final, ending a defendant's jeopardy, and even when 'not followed by any judgment, is a bar to a subsequent prosecution for the same offence.' United States v. Ball, 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300. Thus it is one of the elemental principles of our criminal law that the Government cannot secure a new trial by means of an appeal even though an acquittal may appear to be erroneous."

■ Here the defendant was tried and acquitted. His trial in municipal court for an offense against a city ordinance put him in jeopardy. To try him again would be to put him in jeopardy twice for the same offense. Unlike the situation where there is a conviction in municipal court and an appeal by the defendant, as in Kansas City v. Henderson, supra, and State v. Fields, 487 S.W.2d 560, 561 (Mo.1972), an appeal by the city does not have the effect of setting aside and nullifying a judgment of acquittal, a judgment in favor of an opponent who has a constitutional right to hold and stand on that determination.

What was said in *Henderson* (468 S.W.2d at 50–51) and *Fields* (487 S.W.2d at 562), supra, to the effect that a de novo trial in circuit court is but a continuation of the original prosecution by the city and had the effect of setting aside and nullifying the municipal court judgment was said in comparing those cases with Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), and in the context of those cases where the defendant had *by his appeal* succeeded in getting his first conviction set aside. As stated by the court in North Carolina v. Pearce, supra, the Fifth Amendment guarantee against double jeopardy "imposes no limitations whatever upon the power to retry a defendant who has succeeded in getting his first conviction set aside." 395 U.S. at 720, 89 S.Ct. at 2078. It does not follow from that statement that no limitations are imposed by the Fifth Amendment on the power of the city to retry for the same offense a defendant who has been acquitted; that is exactly what the double jeopardy clause does. In the first instance no limitations are imposed, because by seeking and securing his retrial defendant voluntarily waives the protection of the constitutional guarantee. In the second instance there is no waiver by defendant of the protection of the Fifth Amendment right to stand on his acquittal, even though it be of a municipal offense and by a municipal court.

■ There is no substance to the city's contentions that the double jeopardy clause of the Fifth Amendment is not applicable to offenses proscribed by municipal ordinances for which the maximum penalty does not exceed imprisonment for six months, so-called "petty offenses," and that this constitutional guarantee is not applicable to "our two-tier court system."

We find nothing in this protection of the individual against double jeopardy which makes any distinction between offenses or court systems. In State ex rel. Cole v. Nigro, supra, the court discussed Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968) and Baldwin v. New

York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed. 2d 437 (1970) and their effect on the Sixth Amendment right to trial by jury in criminal cases, some of which might be considered to be "petty" offenses. In *Baldwin*, the Supreme Court of the United States held that "no offense can be deemed 'petty' for purposes of the right to trial by jury where imprisonment for more than six months is authorized." 399 U.S. at 69, 90 S.Ct. at 1888. In State ex rel. Cole v. Nigro, supra, we followed a long line of Missouri cases holding that there is no constitutional right to trial by jury in municipal ordinance prosecutions, but noted that the *Baldwin* decision required that a jury be provided upon demand in such prosecutions where the imprisonment authorized is more than six months.

Even though the offense with which defendant was charged in this case may be characterized as "petty" so that today the Sixth Amendment guarantee of trial by jury is not applicable, that does not affect or change the fact that defendant was in jeopardy at his trial in municipal court and would be put in jeopardy again if tried now for the same offense in circuit court.

Colten v. Kentucky, supra, relied on by the city in its argument that the guarantee against double jeopardy should not be applied to our two-tier court system for the disposition of municipal ordinance violations, is not applicable to the facts of this case. It involved a conviction of a misdemeanor in a lower court and an appeal *by Colten* to circuit court where he had a trial de novo, resulting in punishment greater than that imposed in the lower court. The only part of the decision in the Colten case which has even the remotest relation to this case is that the enhanced punishment which could be and was imposed in the circuit court on trial de novo in Kentucky's two-tier system, was held to be not prohibited by the double jeopardy clause, and, incidentally, that such punishment did not contravene the due process requirements of North Carolina v. Pearce, supra.

It necessarily follows from what we have said that Rule 37.84, insofar as it authorizes an appeal by the city and another trial to determine guilt or innocence after an acquittal, violates the Fifth Amendment double jeopardy clause and is unconstitutional.

The judgment of the trial court is affirmed.

All concur.