**City of KANSAS CITY, Missouri, Plaintiff-Respondent,**

v.

**Therese ROWELL, Defendant-Appellant.**

**No. KCD 28336.**

Missouri Court of Appeals, Kansas City District.

Feb. 28, 1977.

Byron Neal Fox, Kansas City, for defendant-appellant.

Aaron A. Wilson, City Atty., Louis W. Benecke, City Prosecutor, John B. Williams, Asst. City Prosecutor, Kansas City, for plaintiff-respondent.

Before SWOFFORD, P. J., PRITCHARD, C. J., and DIXON, J.

PER CURIAM:

Defendant was convicted in the Municipal Court of Kansas City, Missouri, for an ordinance violation of solicitation of an immoral act. Defendant appealed to the Circuit Court of Jackson County, and the matter was heard by the trial court sitting without a jury. At the conclusion of the evidence, the defendant who had appeared pro se had requested an opportunity to make a statement to which the trial court responded:

"The court finds the defendant guilty and sentences the defendant to sixty days."

Immediately thereafter, the court made a finding of guilt and assessed the punishment at sixty days confinement.

This appeal must be dismissed. The dismissal is required under the authority of *City of Riverside v. Johnson*, 507 S.W.2d 48, 49 (Mo.App.1974). It was there pointed out that:

"The procedure in the circuit court for appeals from municipal courts . . . is governed by the rules of criminal pro-

cedure. § 98.020 RSMo 1969, . . . *City of Clayton v. Nemours*, 237 Mo.App. 167, 164 S.W.2d 935 (1942); *City of St. Louis v. Meixner*, 285 S.W.2d 50 (Mo.App. 1955); *Kansas City v. Stricklin*, 428 S.W.2d 721 (Mo. banc 1968). Criminal Rule 27.20(a), . . . mandates that a motion for new trial be filed before judgment and within ten days of rendition of verdict. [See: *State v. Ezell*, 470 S.W.2d 162 (Mo.App.1972)] Judgment and sentence must be imposed 'after the motion for new trial and other presentence procedures have been disposed of.' *State v. Absher*, 439 S.W.2d 11, 12 (Mo.App.1969); *State v. Jaeger*, 394 S.W.2d 347, 354 (Mo. 1965). A judgment rendered and a sentence imposed before the defendant has exercised his legal right to file a motion for new trial, or before the motion has been timely filed and ruled upon, is illegal and void. *State v. Grant*, 380 S.W.2d 799 (Mo.1964); *State v. Summers*, 477 S.W.2d 721 (Mo.App.1972); *State v. Jaeger, supra*."

█ The defendant's sole point on this appeal is that the trial court's refusal to hear the pro se argument of the defendant is a violation of the constitutional right of the defendant to make a closing argument, citing *Herring v. New York*, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975), and *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

No formal judgment and imposition of sentence having been made, the trial court retains jurisdiction to do so. *State v. Grant, supra.* Upon the remand for the entry of that final judgment, the trial court may reconsider in this court-tried case the defendant's request for an opportunity to present argument.

Appeal dismissed.