CITY OF MEXICO, Missouri, Respondent,

v.

Anthony J. MERLINE, Appellant.

No. 40968.

Missouri Court of Appeals, Eastern District, Division Four.

March 4, 1980.

James G. Gregory, Montgomery City, for appellant.

Louis J. Leonatti, Edwards, Seigfreid, Runge & Leonatti, Mexico, for respondent.

ALDEN A. STOCKARD, Special Judge.

Appellant was charged by complaint in the Municipal Court of the City of Mexico, Missouri, by use of a Missouri uniform traffic ticket, with "driving while intoxicated" as proscribed by § 26.14(a) of the Code of Laws of the City of Mexico. Following trial without a jury, appellant was found guilty of the charged offense. He thereafter timely perfected an appeal to the Circuit Court of Audrain County, but immediately prior to trial the City Attorney filed an Amended Information in which appellant was charged with the offense of driving "a motor vehicle within the city limits of the City of Mexico, Missouri, * * * when he had ten-hundredths of one per cent or more by weight of alcohol in his blood," as proscribed by § 26.14(b) of the Code of Laws of the City of Mexico, Missouri.

After trial to a jury was commenced, appellant moved for a dismissal of the charge as set forth in the Amended Information on the ground that the Circuit Court of Audrain County did not have jurisdiction of the charged offense. In support of that motion appellant asserted that the amendment constituted a new and different charge, and that the jurisdiction of the Circuit Court in an appeal from a municipal court is derivative only. The motion was overruled, the trial continued, and a verdict of guilty was entered. We reverse.

Mexico is a city of the third class, and § 98.320(1) RSMo 1978, provides that the police judge in cities of the third class "shall have exclusive original jurisdiction to hear and determine all offenses against the ordinances of the city," and the original jurisdiction of the circuit court does not include cases involving an alleged violation of a municipal ordinance. Art. V, § 14, Constit. of Missouri. See also *City of Ava v. Yost,* 375 S.W.2d 884 (Mo.App.1964). A person found guilty of violating a municipal ordinance may "appeal from a judgment [of the municipal court] to the circuit court of the county." Rule 37.78. After an appeal from a judgment rendered in a municipal court has been entered on the docket of the circuit court the procedure to be followed is "governed by the rules of criminal procedure." *City of Riverside v. Johnson,* 507 S.W.2d 48 (Mo.App.1974); *City of Clayton v. Nemours,* 237 Mo.App. 167, 164 S.W.2d 935 (1942); *Kansas City v. Powell,* 548 S.W.2d 236 (Mo.App.1977). The case shall

be heard, tried and determined *de novo* in such circuit or other court as though the prosecution had originated in such court. Rule 37.84. This rule prescribes the procedure to be followed in the circuit court; it does not invest the circuit court with jurisdiction to hear, try and determine a charge that the defendant violated a municipal ordinance other than, or not included in, the charge upon which the municipal court judgment was entered and from which an appeal has been taken. In other words, in an appeal to the circuit court from a judgment of a municipal court, the jurisdiction of the circuit court is derivative only.

■ After an appeal has been taken to the circuit court from the judgment of a municipal court, a new or different charge cannot be filed by way of an amendment to the original information, *City of Macon v. Rennick,* 226 Mo.App. 592, 44 S.W.2d 249 (1931), but the information may be amended to clarify the charge, *Kansas City v. Spurlock,* 533 S.W.2d 660 (Mo.App.1976), or to charge a lesser included offense.

In *State v. Blumer,* 546 S.W.2d 790 (Mo. App.1977), it was held that the offense of driving a motor vehicle when the operator has ten-hundredths of one percent or more by weight of alcohol in his blood, as defined in what was then designated as § 564.439 RSMo 1969, and is now § 577.012 RSMo 1978, is not a lesser included offense of operating a motor vehicle "while in an intoxicated condition," as proscribed by what was then § 564.440 RSMo 1969. That case pertained to offenses proscribed by the statutes of the State of Missouri, and this case pertains to offenses proscribed by the ordinances of the City of Mexico, but there is no substantial difference in the definition of the offenses, and the applicable principles are the same.

In *State v. Smith and Hodges,* 592 S.W.2d 165 (Mo.banc 1979), the court declared the test to be applied to determine whether an offense is a lesser included offense by quoting from *State v. Amsden,* 299 S.W.2d 498, 504 (Mo.1957) as follows:

"The statement of the general rule necessarily implies that the lesser crime must be included in the higher crime with which the accused is specifically charged, and that the averment of the indictment describing the manner in which the greater offense was committed must contain allegations essential to constitute a charge of the lesser, to sustain a conviction of the latter offense.

"If the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater."

It was then stated that the *Amsden* case was properly interpreted in *State v. Friedman,* 398 S.W.2d 37, 40 (Mo.App.1965), to hold "that to be a necessarily included lesser offense it is essential that the greater offense include *all* of the legal and factual elements of the lesser * * *." Therefore, as stated in *State v. Blumer,* supra, at p. 791, "if all of the essential elements of driving with ten-hundredths of one percent or more by weight of alcohol in the blood * * * are found to coincide with some of the essential elements of driving while intoxicated * * *, then the former is a lesser included offense."

The essential elements of the offense of driving while intoxicated as defined by § 26.14(a) of the Code of Laws of the City of Mexico, are (1) operating a motor vehicle in the City of Mexico, and (2) doing so while in an intoxicated condition. The ordinance then defines "intoxicated" to mean "any degree or condition of intoxication that in any manner impairs the ability of the operator of an automobile to operate such vehicle in a lawful manner."

The essential elements of the offense charged in the Amended Information as defined by § 26.14(b) of the Code of Laws of the City of Mexico are (1) driving a motor vehicle in the City of Mexico, (2) when the driver has ten-hundredths of one percent or more by weight of alcohol in his blood. The ordinance then provides that "percent by weight of alcohol in the blood

shall be based upon grams of alcohol per 100 milliliters of blood and may be shown by chemical analysis of the person's blood, breath, saliva or urine."

Applying the test as outlined in *State v. Amsden, supra.,* as interpreted in *State v. Friedman, supra.,* and clarified in *State v. Smith and Hodges, supra,* it is apparent that the offense of driving with ten-hundredths of one percent or more by weight of alcohol in the blood is not a lesser included offense of driving while intoxicated. The first element of each offense, driving a motor vehicle within the City of Mexico, is identical. But the second element of the offense of driving with ten-hundredths of one percent or more by weight of alcohol in the blood is not a legal or factual element of the offense of driving while intoxicated.

Respondent City argues, in effect, that proof of either offense may be made by a breathalyzer test, and it asserts that "evidence used to obtain a conviction of driving with .010 percent blood alcohol can be used to obtain a conviction for the greater offense of driving while intoxicated." That may be true, but the fact remains that the existence of ten-hundredths of one percent or more by weight of alcohol in the blood is neither a legal nor factual element of driving while intoxicated.

The Circuit Court did not have jurisdiction to try appellant for the offense charged in the Amended Information, and in view of this we need not consider the other contentions presented by appellant.

The judgment is reversed.

SMITH, P. J., and SATZ, J., concur.