**CITY OF RICHMOND HEIGHTS, Appellant,**

v.

**Robert BUEHLER and Bonnie Buehler, Respondents.**

**No. 45717.**

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 21, 1982.

Jerome T. Bollato, Clayton, for appellant.

Jack E. Koslow, St. Louis, for respondents.

CRANDALL, Presiding Judge.

Respondents, Bonnie and Robert Buehler, were convicted in the municipal court of the City of Richmond Heights (City) for violation of Section 24–71 of the Richmond Heights City Code.[1] They appealed to the circuit court pursuant to Rule 37.78. Following a trial de novo in the circuit court, without a jury, the Buehlers were found not guilty on January 7, 1982. The City now appeals.

The threshold question is whether the City's notice of appeal was timely filed. We hold that it was not and therefore dismiss the appeal.[2] Rule 30.01(d); *State v. Manis,* 603 S.W.2d 706, 707 (Mo.App.1980).

Following the Buehlers' acquittal, the City, on January 13, 1982, filed a "motion for amended judgment and/or findings of fact" pursuant to Rule 73.01 of the Rules of *Civil* Procedure. The trial court granted the City's motion and subsequently entered findings of fact and conclusions of law and again found the respondents not guilty. ▪▪▪ Once the appeal from the judgment rendered in the City's municipal court was docketed in the circuit court, the procedure to be followed was governed by the Rules of Criminal Procedure not by the Rules of Civil Procedure. Rule 37.84; *City of Mexico v. Merline,* 596 S.W.2d 475, 476 (Mo.App.1980); *Kansas City v. Rowell,* 548 S.W.2d 236, 236 (Mo.App.1977); *see State ex rel. Kansas City v. Meyers,* 513 S.W.2d 414, 418 (Mo. banc 1974). There is no provision in the Rules of Criminal Procedure for either an amended judgment or findings of fact following a judgment of acquittal.[3] The judgment of acquittal was final when it was entered on January 7, 1982. *Kansas City v. Bott,* 509 S.W.2d 42, 46 (Mo. banc 1974) (quoting *Ball v. United States,* 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896)); *see State v. Manis,* 603 S.W.2d at 707. Any action taken by the circuit court in this case subsequent to January 7, 1982, was a nullity. The City's notice of appeal to this court had to be filed within ten days of the judgment of January 7 to be procedurally correct. Rule 30.01(d). Appellant's notice of appeal filed April 21, 1982, is untimely and therefore does not confer jurisdiction on this court.

Appeal dismissed.

REINHARD and CRIST, JJ., concur.

---

1. Section 24–71 provides: "Except when in the process of loading or unloading, no person shall park, keep or leave any trailer, boat or truck on any public street or public highway for a period of more than one hour in any one calendar day."

2. We do not reach the issue of whether the City has a statutory right to appeal under the circumstances of this case or the substantive issues raised by appellant because our determination that the City's notice of appeal was untimely is dispositive of the appeal.

3. Rule 29.13(a) permits the court, either on its *own initiative* or at the instance of *defendant,* to arrest or set aside the judgment if the facts stated in the indictment or information do not constitute an offense or the court does not have jurisdiction of the offense charged. This Rule is not applicable to the facts of the instant case.