ST. LOUIS COUNTY, Missouri,
Plaintiff-Appellant,

v.

John ROTH, Defendant-Respondent.

No. 45485.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 22, 1983.

Carolyn C. Whittington, Clayton, for plaintiff-appellant.

Robert Adler, St. Louis, for defendant-respondent.

KAROHL, Judge.

Defendant-respondent was originally charged in the associate circuit court with violation of St. Louis County, Mo., Rev. Ordinances, § 611.200 (1969) ("bad dogs") and § 611.210 (1979) ("dog at large").

Section 611.200 states in pertinent part,

611.200—*Bad Dogs, Notice.*—When any fierce or dangerous dog or any one that has previously attacked or bitten any person or domestic animal, or possesses a propensity to attack or bite man or domestic animal; or cause annoyance to persons using the public roads, streets and sidewalks, or chase, worry or molest live stock, other dogs or children, or cause any damage or injury, which propensity is known or ought reasonably to be known by the owner of such dog, it shall be the duty of such owner to confine such dog to a fenced enclosure ... so as to prevent the dog confined from jumping over, through or crawling under such fence, and to post a notice on the premises, conspicuously visible to the public and reading in letters not less than two inches high "Bad Dog Here" ....

Section 611.210 states in pertinent part,

611.210 *Dogs Running at Large, Prohibited,* ...: 1. It shall be unlawful for the owner of any dog, ... to permit or allow such dog to run at large on land which is non-rural in character.

Both charges were made with respect to events of January 30, 1981 and defendant's animals.

The associate court found defendant guilty of the charge of "Fail to confine fierce and dangerous dogs" (§ 611.200), and imposed a fine of $500.00 plus court costs. Defendant filed a timely appeal to secure a trial de novo in the circuit court of St. Louis County. The associate court's disposition of the "dog at large" charge (§ 611.210) is not clear from the record but may have been a judgment of not guilty.

In the de novo proceeding defendant's motion to dismiss was sustained without evidence, findings or comment. The pre-trial motion to dismiss the "bad dog charge" (§ 611.200) alleged that the associate had found defendant not guilty of the "dog at large" charge (§ 611.210); that the county was collaterally estopped as a matter of law as to an issue necessary to the proof of the bad dog charge; and, that therefore the charge should be dismissed.

We must first consider whether the county's appeal vests any jurisdiction. Rule 30.-01(d); *State v. Manis,* 603 S.W.2d 706, 707 (Mo.App.1980). We conclude it does not and accordingly dismiss the appeal.

 Defendant's appeal of the original conviction of the ordinance violation was subject to the Rules of Criminal Procedure and not the Rules of Civil Procedure. Rule 30.02; *City of Mexico v. Merline,* 596 S.W.2d 475, 476 (Mo.App.1980); *Kansas City v. Rowell,* 548 S.W.2d 236, 236 (Mo.App.1977); *City of Richmond Heights v. Buehler,* 644 S.W.2d 390 (Mo.App.1982).

■ The state may appeal in a criminal case only in those instances authorized by criminal Rule 30.02 (§ 547.210 RSMo 1978). It may appeal: (a) when the indictment or information is found to be insufficient; (b) when a judgment is arrested or set aside; or, (c) when the court determines it is without jurisdiction of the offense charged. This appeal is not within the authorized provisions for appeal. In so holding, we are not unmindful that Rule 30.02 is addressed to an appeal by the "state" and does not specifically read "county" or "city" as applied to a de novo case. However, we hold that the limitation of Rule 30.02 applies. Accordingly, the effect of the court's judgment has been and is a discharge on the merits and this is true even though defendant's motion to dismiss was not self-proving, *Hamilton v. Linn,* 355 Mo. 1178, 200 S.W.2d 69, 71 (1947); *Fine v. Waldman Mercantile Company,* 412 S.W.2d 549, 551 (Mo.App.1967), movant (defendant here) had the burden of proof, *Id.* at 551, and, a ruling on a motion to dismiss which is based upon a matter outside the pleadings could not stand, absent evidence to support it. However, "for our present purpose, it is immaterial whether the trial court was right or wrong on the merits." *State v. Brooks,* 372 S.W.2d 83, 86 (Mo.1963). Rule 30.02 controls.

Appeal dismissed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.