ST. LOUIS COUNTY, Missouri, Plaintiff-Appellant,

v.

Jerry GLORE, James Sanning, William Morian and Dennis Walker, Defendants-Respondents.

No. 50820.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 19, 1986.

Thomas W. Wehrle, County Counselor, County Government Center, Robert E. Fox, Jr., Asst. County Counselor, Clayton, for plaintiff-appellant.

Leonard J. Frankel, Michael H. Musich, Clayton, for defendants-respondents.

SMITH, Judge.

St. Louis County appeals from an order of the trial court sustaining motions to dismiss informations against four defendants. The parties have stipulated that the cases present the same legal issues for our determination. We reverse and remand.

Each defendant was charged with violating Sec. 706.070 of the St. Louis County Revised Ordinances in that they knowingly promoted obscene material by selling such material to police officers. Sec. 706.070 makes it unlawful "for any person for monetary consideration to knowingly promote any obscene material or to advertise, give notice or supply information where, how, of whom, or by what means possession, control or use can be obtained of any obscene material."

Sec. 706.030(3) defines "knowingly" as:

"Having general knowledge of, or reason to know, or a ground for belief which warrants further inspection or inquiry concerning:

(a) the character and content of any material described herein which is reasonably susceptible of examination by the defendant; . . . ."

Sec. 706.100 contains "Presumptions" including one which reads:

"1. A person who promotes material or possesses the same with the intent to promote it in the course of his business is presumed to do so knowingly for monetary consideration."

The trial court concluded that the presumption in Sec. 706.100.1 eliminated the element of knowledge as a required proof by the County in contravention of the Fourteenth Amendment of the United States Constitution. *Smith v. People of the State of California*, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959). On this basis it dismissed the informations as based on an unconstitutional ordinance.

■ Initially the respondents have challenged our jurisdiction on two bases. The first is that under *St. Louis County v. Roth*, 647 S.W.2d 922 (Mo.App.1983) [2], the County lacks authority to appeal. Alternatively, they contend that jurisdiction is vested in the Supreme Court because the constitutional validity of the ordinance is in issue. As to this second ground, the Supreme Court's exclusive jurisdiction is triggered when the validity of a statute is involved. Mo. Const. Art. V, Sec. 3. We are not dealing with a statute, but with an ordinance.

In the *Roth* case our court decided that the appeal was governed by criminal Rule 30.02. Defendants contend that *Roth* precludes an appeal by a county because Rule 30.02 does not refer to a county and that in any event none of the limited circumstances for review by the state are present here. We are unable to conclude that *St. Louis County v. Roth* correctly decided that Rule 30.02 governs the right of appeal.

In *Kansas City v. Bott*, 509 S.W.2d 42 (Mo.banc 1974) the court addressed the status of an ordinance violation proceeding. It concluded that such a proceeding partook of both a civil and a criminal nature, a hybrid. There it was held that an acquittal in municipal court precluded a trial de novo in circuit court on double jeopardy grounds, without regard to whether a violation of an ordinance prosecution was a criminal or civil proceeding. That case did acknowl-

edge that the appellate courts of the state have consistently treated ordinance violations as civil actions and did not alter that treatment.

In *City of Riverside v. Johnson,* 507 S.W.2d 48 (Mo.App.1974) [1–3], the court addressed the procedure to be used in ordinance violation cases as follows: "The procedure in the circuit court for appeals from municipal courts—*except as to the right of appeal itself*—is governed by the rules of criminal procedure." (Emphasis supplied). The quoted portion clearly delineates that a difference exists between the procedure to be followed in prosecuting ordinance violations and the right of appeal in such proceedings. The court cited Sec. 98.020 RSMo.1969 in support of its conclusion. That section, which has now been repealed with no comparable reenactment, did not restrict the party who may appeal but provided such an appeal is "in the nature of a criminal appeal from a magistrate." *City of Riverside* was cited in *City of Kansas City v. Rowell,* 548 S.W.2d 236 (Mo.App. 1977) and *City of Mexico v. Merline,* 596 S.W.2d 475 (Mo.App.1980) to support a finding that criminal *procedures* are to be followed in ordinance violation proceedings. We, in turn, followed *City of Mexico v. Merline* in *City of Richmond Heights v. Buehler,* 644 S.W.2d 390 (Mo.App.1982). All three of those cases involved *procedure* to be followed on appeal of ordinance cases, not the right of appeal itself, a substantive issue. *St. Louis County v. Roth, supra,* relied upon *Rowell, Merline,* and *Buehler* in arriving at the conclusion that the substantive right of appeal was governed by Rule 30.02, and in so doing overlooked the exception concerning right of appeal articulated in the lead case, *City of Riverside v. Johnson, supra.*

No statute specifically limits the right of appeal in cases such as that before us. Nor does any rule. Rule 30.02 does not refer to ordinance violations. Rule 19.01 states that Rules 19 to 36 govern the *procedure* in all courts of this state having jurisdiction of criminal proceedings. Former Rule 37.78 dealing with traffic cases authorized appeal by either the defendant or the municipality evidencing that at least until January 1, 1986, traffic ordinance violations were treated differently than criminal prosecutions as to the right of appeal. Rule 37.78 was eliminated on January 1, 1986, without a comparable new rule. Nothing in new Rule 37 provides that the right of appeal is governed by the criminal rules. The appeal here was taken in 1985. Sec. 547.200 RSMo Cum.Supp.1984, dealing with criminal procedure, is not by its language directed toward ordinance violations, which have not traditionally been regarded as criminal prosecutions. *Kansas City v. Bott, supra.* We find no case, other than *Roth,* which holds that the right of appeal from ordinance violations is governed by the criminal rules or Sec. 547.200. Former Rule 37.78 would indicate the contrary. The general appeal statute is Sec. 512.020, RSMo.1978, which authorizes appeal by any party aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution. Ordinance violations have traditionally been regarded as civil and in the absence of an express provision removing them from application of Sec. 512.020 that section governs. The Supreme Court is authorized by Art. V, Sec. 5 of the Missouri Constitution to establish rules relating to practice, procedure and pleading for all courts but may not by rule change the substantive right of appeal. We are unable to conclude that the Supreme Court has attempted to circumvent this mandate in Rule 30.02. That Rule simply does not apply to appeals from ordinance violations. To the extent that *City of Kansas City v. Bott, supra,* may, as a matter of constitutional double jeopardy law, preclude appeals from trials in ordinance violation cases, that matter is fully covered by Sec. 512.020. *County of St. Louis v. Roth* involved an appeal from an acquittal on the merits of the ordinance violation. As such the appeal ran afoul of *Kansas City v. Bott* and was precluded under the express language of Sec. 512.020. We are unable to find any statutory or rule prohibition against the appeal by the County in this

case where no jeopardy has attached.[1] *County of St. Louis v. Roth* should no longer be followed to the extent it holds Rule 30.02 governs appeals from ordinance violation prosecutions.

■ We turn now to the merits. In *Smith v. People of the State of California, supra,* the U.S. Supreme Court held that ordinances prohibiting the sale or distribution of obscene material may not impose strict liability but must include as an element of the offense the scienter of the defendant. He must in short, *knowingly* engage in the sale or distribution of obscene material. The presumption of Sec. 706.100.1 of the County ordinance serves to eliminate this element, or at least to remove the burden on the prosecution to establish scienter beyond a reasonable doubt. *See, State v. Bailey,* 645 S.W.2d 211 (Mo. App.1983) [3, 4]. As such Sec. 706.100.1 is contrary to *Smith.*

■ However, the ordinance contains a severability provision.[2] That provision closely parallels the test for severability established in *Missouri Pacific Railroad Co. v. Morris,* 345 S.W.2d 52 (Mo.banc 1961) [7]. Sec. 706.100.1 does not define the offense; that definition is contained in Sec. 706.070. The presumption found unconstitutional serves only to obviate the necessity of proof of a defined element of the offense. If it is stricken from the ordinance the offense remains the same, with the burden on the County to establish each element of the offense. We are unable to conclude that Section 706.100.1 is so essentially and inseparably connected with the valid sections that without the void section the valid sections would not and could not have been enacted. Neither are

the valid sections standing alone incompetent and incapable of being executed. Sec. 706.100.1 is fully severable from the remaining sections. Defendants were charged with violating Sec. 706.070 and no mention appears in the informations of Sec. 706.100.1. The informations charged defendants with a violation of the ordinance and the unconstitutionality of Sec. 706.-100.1 in no way affects that charge. The trial court erred in dismissing the informations.

Judgments reversed and causes remanded.

SNYDER, C.J., and CARL R. GAERTNER, P.J., concur.

1. It should be noted that under Sec. 547.200.2 RSMo.Cum.Supp.1984, the state may appeal any criminal case unless the outcome of the appeal would result in double jeopardy to the defendant. In that posture it may make little difference whether the civil or criminal statutes establishing the right of appeal apply.

2. "706.200 *Severability Clause.* All of the sections of this ordinance shall be severable. In the event that any section of this ordinance is found by a court of competent jurisdiction to be

unconstitutional or unlawful, the remaining sections of this ordinance are valid unless the court finds the valid sections of this ordinance are so essentially and inseparably connected with and so dependent upon the void section that it cannot be presumed that the County Council could have enacted the valid sections without the void ones; or unless the court finds that the valid sections, standing alone, are incompetent and incapable of being executed in accordance with the legislative intent."