CITY OF WEBSTER GROVES,
Plaintiff–Respondent,

v.

Donald L. ERICKSON,
Defendant–Appellant.

No. 56663.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 24, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 5, 1990.

Donald L. Erickson, St. Louis, for defendant-appellant.

David L. Coffman, St. Louis, for plaintiff-respondent.

SATZ, Presiding Judge.

In this court tried case, the court found defendant, Donald L. Erickson, guilty of violating a zoning ordinance of the plaintiff, City of Webster Groves (City), and imposed a One Hundred Dollar fine. We reverse.

Defendant owns a building in which, the City contends, a zoning violation was committed. *Webster Groves Code*, § 4, 7 (1987). The zoning ordinance in question provides:

> "The owner ... of a building ... where a violation ... of this ordinance has been committed or shall exist ..., shall be deemed guilty of a misdemeanor, punishable by a fine of ... not more than [$100.00] for each ... day ... such violation continues ..., but if the offense be willful, ..., the punishment shall be a fine of not less than ... [$100.00] nor more than ... [$250.00] for each ... day that such violation shall continue, or imprisonment...."

*Webster Groves Code*, § 20 (1987).

Defendant was not charged with a willful violation of this ordinance. He was charged with violating the ordinance "by conducting or permitting a business to operate" on his property, a use not permitted by the ordinance; or, as stated by the City Attorney in his opening statement, defendant was charged with "operating or allowing to operate, from a residence owned by him, ... a business, which is a use not permitted under the zoning ordinances of the City...." This charge may be read as alleging defendant had actual or constructive knowledge that a business in violation of the ordinance was being conducted on his property. However, as noted by the trial court, the City's proof was "nonexistent as to Mr. Erickson's active participation in the running of this business." And, the City made no showing defendant had constructive knowledge of his tenants' operating a business. Nonetheless, defendant was found guilty.

Defendant attacks this finding on several grounds. One is dispositive. Defendant argues the ordinance must be read as requiring proof that an owner had actual or constructive knowledge of a prohibited activity on his property in order to find the owner guilty of violating the ordinance. We agree.

At the outset, the City argues this Court's holding and reasoning in *City of Webster Groves v. Erickson*, 763 S.W.2d 278 (Mo.App.1988), *cert. den.* in —— U.S. ——, 110 S.Ct. 62, 107 L.Ed.2d 29 (1989), teach that an owner may be liable for all zoning violations committed on his property, even if the owner is ignorant of the violations. The City's reliance is misplaced.

In the prior case, the City charged defendant Erickson with violating a nuisance section of the zoning ordinance.[1] We affirmed his conviction in that case because it was "supported by ... substantial evidence in the record that a public nuisance was created on premises owned by defendant, *that defendant received notice of the ordinance violation from City*, and that defendant did not remedy the situation." *Id.* at 280 (emphasis added). Thus, in the previous case between these parties, we neither held nor implied that unwitting owners are liable for their tenants' zoning violations.

The City's zoning enforcement provision, like the nuisance regulation involved in the prior case between these parties, imposes liability on owners without explicitly re-

---

1. The nuisance ordinance provided

   The owner of any premises, or his agent in control thereof, as well as the tenant or occupant of such premises, is charged with the duty of observing all of the provisions of this chapter. Any or all of such persons, together with any person causing or contributing to cause any nuisance, may be charged with violation thereof, and shall be equally liable. *Webster Groves Code* § 31.080 (1987).

quiring any particular mental state. This enforcement provision is controlled by and tracks the enforcement provision of our State Zoning Enabling Act, § 89.120.2 RSMo 1986, and the Act "constitutes the sole source of power and the measure of authority for cities, towns and villages in zoning matters." *City of Moline Acres v. Heidbreder*, 367 S.W.2d 568, 572 (Mo.1963). We must therefore determine whether our General Assembly intended to make owners vicariously liable for tenants' zoning violations of which owners have no knowledge.

Municipal ordinance violations are said to be "quasi-criminal in nature". *Strode v. Director of Revenue*, 724 S.W.2d 245, 247 (Mo. banc 1987). In legal effect, this means a prosecution for the violation of a municipal ordinance is "a civil action ... resembling a criminal action in its effects and consequences." *City of Clayton v. Nemours*, 237 Mo.App. 167, 164 S.W.2d 935, 937 (1942). The action is criminal "in the sense that its primary object is to punish ...". *Id.* at 938. However, even when an ordinance authorizes incarceration as a punishment, violation of the ordinance is not usually regarded as a crime. "[I]n the accurate legal sense of the term [,] ... a crime is an act committed in violation of public law, that is, a law co-extensive with the boundaries of the state which enacts it, while an ordinance, on the contrary, is no more than a mere local police regulation passed in pursuance of and in subordination to the general or public law for the preservation of peace and the promotion of good order in a particular locality." *Id.*

■ As a result, in a prosecution for an ordinance violation, the rules of criminal procedure apply, *City of Cameron v. Stinson*, 633 S.W.2d 437, 439 (Mo.App.1982), including the criminal standard of proof beyond a reasonable doubt. *City of Cape Girardeau v. Jones*, 725 S.W.2d 904, 907 (Mo.App.1987). And, our Rules regarding ordinance violations expressly provide that trials "shall proceed in the manner provided for the trial of a misdemeanor by the rules of criminal procedure." Rule 37.-61(e); Rule 37.74 (1990).

■ Moreover, "ordinance provisions imposing penalties are to be strictly construed against the prosecuting authority and are not to be extended by implication." *Levin v. Carpenter*, 332 S.W.2d 862, 865 (Mo.1960). Furthermore, where there is fair room for doubt whether the conduct or mental state complained of is actually proscribed, the doubt is to be resolved in favor of the defendant. *City of St. Louis v. Brune Management Co.*, 391 S.W.2d 943, 946 (Mo.App.1965).

■ There is at least fair room for doubting our General Assembly intended to authorize the imposition of liability on owners who lack even constructive knowledge of zoning violations committed by their tenants. There is no apparent policy justification for creation of such liability. Municipalities certainly have a legitimate interest in terminating such violations as quickly as possible. However, a city can accomplish this remedial objective without resorting to a "quasi-criminal" prosecution of an unwitting landlord. If a zoning ordinance violation creates an emergency, the City may seek a temporary restraining order and an injunction "to enjoin any use of property which is in violation of ... [its] zoning ordinance." *City of Ladue v. Horn*, 720 S.W.2d 745, 747, n. 2 (Mo.App.1986).

The rationale for creating vicarious owner liability for zoning violations by tenants is to encourage the landlord to

> exercise sufficient care in the selection of his tenant. If he knowingly lets the premises for a purpose which may give rise to liability, he will not be heard to complain, even though [personally] he has done no unlawful act ... Similarly, he cannot permit an unlawful condition to persist with impunity....
>
> *People v. Scott*, 26 N.Y.2d 286, 309 N.Y. S.2d 919, 922, 258 N.E.2d 206, 209 (1970).

A landlord can only be reasonably expected to prevent or terminate zoning violations

by tenants of which the landlord has actual or constructive knowledge and authority to control. Accordingly, most jurisdictions consider not only knowledge, but also right of entry, as prerequisite to an owner's liability for a tenant's zoning violations.

Liability for penalties for violations of a zoning restriction may attach to the owner of leased premises if he *knowingly* lets the premises for a then prohibited purpose. In that case, a reserved or statutory right of re-entry would be deemed incorporated in the lease. But, if the ordinance making the use unlawful was enacted after the lease was entered into, the landlord can only be held responsible if he had an actual right of entry which would have permitted him to terminate the tenant's unlawful use *at the time the notice to terminate it was served on him by the municipality.* (emphasis added)

5 Rathkopf, *The Law of Zoning and Planning,* § 56.01(2) (1989).

In the absence of any express indication that our General Assembly has authorized vicarious, quasi-criminal liability for owners ignorant of tenants' zoning violations, we refuse to construe § 89.120.2 of the Zoning Enabling Act as imposing such liability. We hold that ownership of property on which a zoning violation is committed subjects the owner to vicarious liability only if the owner has actual or constructive knowledge of the violation. Since the City failed to prove that defendant had actual or constructive knowledge of the conduct constituting the zoning violation allegedly committed by his tenants, defendant's conviction must be reversed.

Judgment reversed.

SMITH and GRIMM, JJ., concur.