**CITY OF SPRINGFIELD, Missouri, Appellant,**

v.

**Robert Steven STOVIAK, Respondent.**

**No. 25276.**

Missouri Court of Appeals,
Southern District,
Division One.

July 30, 2003.

Rhonda Lewsader, Springfield, for appellant.

No brief filed for respondent.

ROBERT S. BARNEY, Judge.

Robert Steven Stoviak ("Respondent") was charged with violating Springfield city ordinances relating to properly illuminating the rear license plate on his vehicle and driving while intoxicated. The Municipal Court of the City of Springfield ("Municipal Court") suppressed all evidence obtained following the traffic stop and entered a judgment of acquittal to the ordinance violation charges against Respondent.

In its sole Point Relied On, Appellant, City of Springfield, Missouri ("City"), now seeks to appeal the judgment of the Municipal Court on the basis that the Municipal Court erred in granting Respondent's motion to suppress because, essentially, the arresting officer "had probable cause to stop [Respondent] based on the facts and circumstances the officer perceived at the time of the traffic stop." City does not

expressly challenge the judgment of acquittal. We need not squarely address City's contention because we determine that an appeal by City does not lie in this instance for the reasons set out below.

"Missouri has not provided for an appeal from a municipal court to any other court acting in an appellate capacity." *Kansas City v. Henderson,* 468 S.W.2d 48, 50 (Mo. 1971). "Actually, it could not effectively do so as long as the municipal court is not a court of record because there is no transcript of the testimony for use in appellate review." *Id.*[1]

█ In this connection, we observe that "a trial de novo from a municipal ordinance conviction is distinguishable from an appeal from a state criminal conviction, the former resulting in a new prosecution of a quasi-criminal case." *State ex rel. Streeter v. Mauer,* 985 S.W.2d 954, 957 (Mo.App.1999). "The de novo court does not sit as an appellate court to consider alleged irregularities in the lower court." *Kansas City v. Johnney,* 760 S.W.2d 930, 931 (Mo.App.1988). "A trial de novo essentially provides a defendant with a second trial." *Jackson v. Southard,* 869 S.W.2d 280, 281 (Mo.App.1994); *see* Rule 37.71–.74.[2] Under Rule 37.74 "[a]ll trials de novo shall proceed in the manner provided for the trial of a misdemeanor by the rules of criminal procedure." Rule 37.74.[3]

In the jurisdictional statement of the appellate brief, City maintains that under Rule 30.01(a)[4] it is entitled to appeal the Municipal Court's decision and judgment sustaining Respondent's motion to suppress.[5] City reasons that because a final judgment has been entered and City is a party, it is entitled to appeal the Municipal Court's decision sustaining Respondent's motion to suppress. It maintains the question of whether the Fourth Amendment has been violated is a legal issue, *State v. Leavitt,* 993 S.W.2d 557, 560 (Mo. App.1999), and therefore is subject to appeal.

█ We observe that there is no right to appeal without statutory authority. *Maplewood v. Erickson,* 80 S.W.3d 477, 479 (Mo.App.2002); *see also Committee for Educational Equality v. State,* 878 S.W.2d 446, 450 (Mo. banc 1994). "Mo. Const. Art. V, § 5 provides the rules shall not change the right of appeal." *State v. Brown,* 722 S.W.2d 613, 616 (Mo.App. 1986). While the Supreme Court is authorized by Mo. Const. Art. V, § 5 to establish rules relating to practice, procedure and pleading for all courts, it "may not by rule change the substantive right of appeal." *Glore,* 715 S.W.2d at 567. "[A] difference exists between the procedure to be followed in prosecuting ordinance violations and the right of appeal in such pro-

---

1. *See* parallel discussions in *State v. Jordan,* 751 S.W.2d 68 (Mo.App.1988) and *State v. Black,* 677 S.W.2d 907 (Mo.App.1984).

2. Rule references are to Missouri Court Rules (2002).

3. "Former Rule 37.78 dealing with traffic cases authorized appeal by *either the defendant or the municipality* evidencing that at least until January 1, 1986, traffic ordinance violations were treated differently than criminal prosecutions as to the right of appeal." *St. Louis County v. Glore,* 715 S.W.2d 565, 567 (Mo.App.1986) (emphasis added). "Rule

37.78 was eliminated on January 1, 1986, without a comparable new rule." *Id.*

4. Rule 30.01(a) sets out that "[a]fter the rendition of final judgment in a criminal case, every party shall be entitled to any appeal permitted by law."

5. Rule 37.52 expressly provides that "[r]equests that evidence be suppressed shall be raised by motion before trial; however, the judge in the exercise of discretion may entertain a motion to suppress evidence at any time during trial."

ceedings." *Id.* "Nothing in new Rule 37 provides that the right of appeal is governed by the criminal rules." *Id.*

Here, City has failed to cite any statutory or constitutional authority that gives a municipality the right to appeal to the Missouri Court of Appeals directly from a municipal court's order sustaining a defendant's motion to suppress. Additionally, City's reliance on *Leavitt* is misplaced.

In *Leavitt*, the *State of Missouri* brought an *interlocutory appeal* under section 547.200, RSMo 1994, challenging the order of a trial court that suppressed certain evidence arising from a pat down search of Ms. Leavitt. *Leavitt*, 993 S.W.2d at 560. In the instant matter, however, "[w]e are not dealing with a statute, but with an ordinance." *Glore*, 715 S.W.2d at 566.

> [E]ven when an ordinance authorizes incarceration as a punishment, violation of the ordinance is not usually regarded as a crime. "[I]n the accurate legal sense of the term[,] ... a crime is an act committed in violation of public law, that is, a law co-extensive with the boundaries of the state which enacts it, while an ordinance, on the contrary, is no more than a mere local police regulation passed in pursuance of and in subordination to the general or public law for the preservation of peace and the promotion of good order in a particular locality."

*Webster Groves v. Erickson*, 789 S.W.2d 824, 826 (Mo.App.1990) (alteration in original) (quoting *Clayton v. Nemours*, 237 Mo. App. 167, 164 S.W.2d 935, 938 (1942)). By its plain terms, section 547.200 does not apply to a municipal prosecution, but one

by the *State* for violation of a *state law.*[6] Appeal dismissed.

MONTGOMERY, P.J. and GARRISON, J., concur.

---

6. Section 547.200.1 provides in pertinent part that:

    An appeal may be taken by the state through the prosecuting or circuit attorney from any order or judgment the substantive effect of which results in:

    \* \* \*

    (3) Suppressing evidence....