**CITY OF BALLWIN, Respondent,**

v.

**Frederick LANGENBERG, Trustee, Appellant.**

No. 46364.

Missouri Court of Appeals, Eastern District, Division Three.

June 28, 1983.

Carl C. Polster, St. Louis, for appellant.

G. Richard Fox, St. Louis, for respondent.

CRANDALL, Presiding Judge.

Appellant Frederick Langenberg (defendant) was convicted in the City of Ballwin municipal court of having "[held] out to another for occupancy, [a] dwelling ... for the purpose of living therein, which is not safe, clean, sanitary and fit for human occupancy, and which does not comply with the particular requirements of this article [which sets minimum standards and requirements for dwellings]." City of Ballwin, Mo. Ordinances art. IV, § 12–60. Defendant appealed under Rule 37.84 to the circuit court and was there reconvicted on a trial de novo and sentenced on September 3, 1982, to pay a $500 fine and court costs. On October 4, 1982, defendant filed his notice of appeal to this court.

We dismiss the appeal for lack of jurisdiction.

Once defendant's appeal from the municipal court judgment was docketed in the circuit court, the procedure to be followed was that prescribed by the Rules of Criminal Procedure. *City of Richmond Heights v. Buehler,* 644 S.W.2d 390, 391 (Mo.App.1982). Rule 30.01(d) of the Rules of Criminal Procedure provides that no appeal shall be effective "unless the notice of appeal shall be filed [with the clerk of the trial court] not later than ten days after the judgment or order appealed from becomes final." The judgment in a criminal case becomes final for purposes of appeal when the judgment and sentence are entered— here, on September 3, 1982. *State ex rel. Wagner v. Ruddy,* 582 S.W.2d 692, 693 (Mo. banc 1979). Accordingly, defendant's notice of appeal filed in the trial court on October 4, 1982, was filed out of time and "is ineffective to vest the appellate court with jurisdiction." *Id.*

Appeal dismissed.

REINHARD and CRIST, JJ., concur.