**CITY OF FLORISSANT,**
**Plaintiff/Appellant,**

v.

**Damon MOORE,**
**Defendant/Respondent.**

**No. ED 75357.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 19, 1999.

time of the homicide and fifteen years old at the time of trial.

Robert G. Raleigh, Hoagland, Fitzgerald, Smith & Pranaitis, Alton, IL, for appellant.

Damon Moore, St. Louis, party acting pro se.

Before KATHIANNE KNAUP CRANE, P.J., ROBERT G. DOWD, Jr., J., and SHERRI B. SULLIVAN, J.

PER CURIAM.

Plaintiff, City of Florissant ("city"), appeals from finding of not guilty by the circuit court on trial de novo in favor of defendant, Damon Moore ("defendant"), in an action for violation of the posted speed limit. We dismiss because the city failed to file a notice of appeal within ten days after the charge against defendant was disposed of in circuit court.

Once defendant's appeal from the municipal court judgment was docketed in the circuit court, the Rules of Criminal Procedure controlled the case. *City of Ballwin v. Langenberg,* 654 S.W.2d 651, 652 (Mo.App.1983); *City of Richmond Heights v. Buehler,* 644 S.W.2d 390, 391 (Mo.App.1982). The trial court entered its order disposing of the case with a finding of "not guilty" on October 20, 1998.

A judgment of acquittal is final when entered. *Buehler,* 644 S.W.2d at 391. Criminal Rule 30.01(d) provides: "No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final." City did not file the notice of appeal until November 20, 1998.[1] This court accordingly has no jurisdiction to consider the appeal.

City argues that because it filed a Petition for Writ of Prohibition against the trial judge before it filed its notice of appeal, the time for filing a notice of appeal was tolled. We disagree. No statute or Supreme Court Rule provides that the filing of a writ tolls the time limits set out in Rule 30.01(d).

City also argues that defendant waived the untimely filing by failing to object thereto. Again we disagree. Timely filing of a notice of appeal is a jurisdictional requirement which we must raise *sua sponte* if a party fails to do so. *State v. Mackin,* 927 S.W.2d 553, 557 (Mo.App. 1996).

Appeal dismissed.

---

1. Because we have no jurisdiction as a result of the untimely notice of appeal, we do not consider any other questions going to either the jurisdiction or the merits of this appeal, including the question of double jeopardy.