**CITY OF ST. LOUIS, Respondent,**

v.

**James H. ROLLINS and Beverly Taylor, Appellants.**

Nos. ED 77897, ED 77898.

Missouri Court of Appeals, Eastern District, Division Five.

Nov. 21, 2000.

Bernard F. Edwards, Jr.; St. Louis, MO, for appellant.

Edward J. Hanlon; Deputy City Counselor; Roberta L. Jestus; Assistant City Counselor, St. Louis, MO, attorney for respondent.

ROBERT E. CRIST, Senior Judge.

James Rollins and Beverly Taylor (collectively referred to as "Appellants") appeal the judgments dismissing their applications for trial de novo after the municipal court convicted both of them for multiple building code violations. We affirm the judgment against Taylor, but reverse and remand the judgment against Rollins.

On September 20, 1999, in the municipal division of the circuit court, the City of St. Louis ("City") filed informations alleging thirty counts of building code violations against each appellant. Appellants jointly owned the property allegedly in violation at 1400 Glasgow. After trial, the municipal court found each appellant guilty of ten counts of building code violations. The record does not reveal the penalty assessed against each appellant. Regardless, Appellants filed separate applications for trial de novo in the circuit court. On February 23, 2000, the circuit court mailed individual notices to Appellants informing them that their request for a jury trial had been sustained and ordering them to appear on March 24, 2000 at 9:30 a.m. to be placed on the docket for trial. Both Appellants admittedly received the notice.

On March 24 at the appointed time, Taylor failed to appear at the circuit court. Rollins did appear and filed several motions *pro se,* including a motion to proceed with discovery, a motion to consolidate his case with Taylor's case, and a motion to dismiss the City's cause. Rollins also sought a motion for continuance so he could obtain counsel. According to Appellants, and not denied by City, the events of March 24 were not placed on the record and no transcript exists of those events. The legal file shows the circuit court denied all of Rollins's motions at that time. In Taylor's case, the circuit court found she had failed to appear and denied her application for trial de novo for failure to prosecute, remanding her cause to the municipal court for further proceedings. In Rollins's case, the circuit court entered an order denying his trial de novo for failure to prosecute as well and remanded it to the municipal court.

Appellants filed motions to set aside the circuit court's orders dismissing their causes and remanding them. The circuit court held a hearing on the motions. At the hearing, Taylor admitted she failed to appear because she was out of town at a church convention in Omaha, Nebraska. She admitted she received notice, but failed to discuss a continuance with any one at the court. Rollins, on the other hand, testified that he did appear on the appointed date and sought continuances for both Taylor and himself. It was revealed that at the March 24 proceeding the City had informed the court that Rollins had denied the City access to the property to determine if Rollins had remedied the violations.

The circuit court denied both motions to set aside. The court found Taylor's reasons for failing to appear were inadequate. The court further found that "the actions of Mr. Rollins throughout these proceedings has been for the expressed purposes of hindering the judicial process and flow of the procedure."

Appellants contend the circuit court erred in dismissing their applications for trial de novo for failure to prosecute without granting them a jury trial because their written request had already been sustained. Appellants argue that under the Rules of Criminal Procedure, the circuit court could not dismiss their cases without a jury trial after docketing them. As a new proceeding, Appellants assert the City had the burden of proving them guilty and they had no duty to prosecute their case.

■ We agree that under the law Appellants had the opportunity to require the City to establish their guilt a second time. In the circuit court, Appellants maintain their status of innocence and have no burden of "going forward." *State ex rel. Garrett v. Gagne*, 531 S.W.2d 264, 267 (Mo. banc 1975). However, in trial de novo proceedings, Appellants may also suffer the dismissal of their application prior to trial. The filing of an application for trial de novo alone does not vacate or annul the municipal court's judgment but merely suspends it pending a final disposition of the trial de novo in the circuit court. *Id.* at 266. Certainly, if trial had commenced, Appellants would have been entitled to a jury trial. However, until the trial commenced, the judgment of the municipal division remained in effect and was available for full reinstatement without a jury trial. Therefore, under certain circumstances, the circuit court could dismiss Appellants' cases and remand them to the municipal court.

■ The question remains, however, whether any of those circumstances existed in Appellants' cases. Dismissal of a trial de novo can occur for various reasons. First, prior to trial, an applicant could dismiss or withdraw his or her petition for trial de novo. Rule 37.72. Further, the court could find the applicant had abandoned the trial de novo. Rule 37.72 provides:

The filing of an application for trial de novo or review shall suspend the execution of the judgment of the municipal division. If the applicant for trial de novo withdraws the application or, if before the commencement of trial, the court enters a finding that the applicant has abandoned the trial de novo, the case shall be remanded to the municipal division for execution of judgment.

In addition, the applicant could fail to appear in the circuit court, providing the court with the discretion to either dismiss the de novo proceeding and remand the case to the municipal court or to issue a capias warrant and have the applicant brought to the circuit court for the trial de novo. *Id.* at 267; *City of Kansas City v. Johnney*, 760 S.W.2d 930, 932 (Mo.App. W.D.1988).

■■ Here, Taylor failed to appear because she was out of town. "Absent some reason making it impossible to appear, an accused by his [or her] absence evidences his [or her] disdain for the law and its

legal processes." *Gagne*, 531 S.W.2d at 267. Here, the circuit court found Taylor had an inadequate reason for failing to appear. Certainly, it was not impossible for her to appear. As such, the circuit court could properly dismiss her application for trial de novo and remand it to the municipal court. *See, State v. Coplin*, 588 S.W.2d 48, 49–50 (Mo.App. E.D.1979). Therefore, we affirm the trial court's judgment dismissing her application and remanding her case back to the municipal court.

However, none of the circumstances set forth in the rule or in the *Gagne* decision apply to Rollins. Rollins did appear at the circuit court and defended his case on March 24 by filing several motions. He did not withdraw his application or abandon his trial de novo. We find, therefore, no grounds for dismissal of his application for trial de novo. Accordingly, we reverse the judgment dismissing his application and remand it for further proceedings in the circuit court.

Affirmed in part and reversed and remanded in part.

HOFF, Chief Judge and CRANE, Judge, concur.