**CITY OF MAPLEWOOD, Respondent,**

v.

**Donald ERICKSON, Appellant.**

No. ED 80165.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 28, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 29, 2002.

Donald Erickson, St. Louis, MO, pro se.

Matthew J. Rossiter, St. Louis, MO, for respondent.

GARY M. GAERTNER, SR., Presiding Judge.

Appellant, Donald Erickson ("appellant"), appeals from the judgment of the Circuit Court of St. Louis County dismissing his petition for trial de novo. We dismiss for lack of jurisdiction.

Appellant was convicted in the City of Maplewood municipal division for violation of the minimum housing code. Appellant filed a petition for trial de novo with the St. Louis County Circuit Court. Appellant failed to appear for a hearing scheduled on July 2, 2001. The trial court dismissed his petition for failure to prosecute, reinstated his municipal judgment and remanded his case to the municipal division.

On July 9, 2001, appellant filed a motion to set aside the trial court's judgment dismissing his petition for trial de novo. On August 10, 2001, the trial court denied his motion. On September 19, 2001, appellant filed his notice of appeal. On November 15, 2001, appellant was directed by this Court to show cause as to why his appeal should not be dismissed for lack of timely notice of appeal. On November 27, 2001, appellant filed his response to the show cause order. The jurisdictional issue was taken with the case on December 6, 2001.

Appellant raises two points on appeal. However, we must first address the jurisdictional issue before addressing appellant's points. *See City of Florissant v. Moore*, 5 S.W.3d 598 (Mo.App. E.D.1999).

Rule 37.74 provides that: "[a]ll trials de novo shall proceed in the manner

provided for the trial of a misdemeanor by the rules of criminal procedure." Under Rule 30.01(d), an appeal is ineffective unless the notice of appeal was filed no later than ten days after the judgment or order appealed from becomes final. "There is no right to appeal without statutory authority." *State v. Stout,* 960 S.W.2d 535, 536 (Mo.App. E.D.1998). Appeals are allowed in criminal cases from a "final judgment," under section 547.070 RSMo 2000. Generally, a "final judgment" occurs when a sentence is entered. *Stout,* 960 S.W.2d at 536.

Furthermore, in trial de novo proceedings, a petition may be dismissed prior to trial. *City of St. Louis v. Rollins,* 32 S.W.3d 187, 189 (Mo.App. E.D.2000). The filing of a petition for trial de novo alone does not vacate or annul the municipal court's judgment but merely suspends it pending a final disposition of the trial de novo in the circuit court. *Id.* Prior to trial, the judgment of the municipal division remained in effect and was available for full reinstatement. *Id.*

In the case at bar, the trial court dismissed appellant's petition for trial de novo review on July 2, 2001. Appellant filed a motion to set aside the judgment of the trial court dismissing his petition for trial de novo on July 9, 2001. We convert appellant's motion to a motion for new trial in cases tried without a jury.[1] Appellant's motion was denied on August 10, 2001. The denial of the motion finally disposed of appellant's petition for trial de novo. Thus, the suspension placed on appellant's municipal court's judgment and sentence because of appellant's timely petition for trial de novo was removed. The final dis-

position of appellant's petition for trial de novo reinstated his municipal conviction and sentence. Hence, appellant's judgment becomes final for the purposes of appeal and appellant had ten days to file a notice of appeal after his motion was denied. Appellant's motion was denied on August 10, 2001 and the latest appellant could file his notice of appeal was ten days after the denial. Appellant's notice of appeal was filed on September 19, 2001, in excess of the ten-day jurisdictional requirement. Accordingly, this Court has no jurisdiction to consider the appeal.

Appeal dismissed.

PAUL J. SIMON, J. and CLIFFORD H. AHRENS, J. concur.

---

1. Rule 29.11 allows parties to file a motion for new trial in cases tried without a jury. A motion for new trial is not necessary to preserve any matter for appellate review in cases tried without a jury. Rule 29.11(e)(2). If a motion for new trial is filed, it must be filed within fifteen days after the return of the verdict. Rule 29.11(b). Appellant filed his motion within fifteen days after the dismissal of his petition for trial de novo.