

# In the Missouri Court of Appeals
## Eastern District

DIVISION TWO

| | | |
|---|---|---|
| CITY OF ST. LOUIS, | ) | No. ED101192 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | 1222-CR06778 |
| | ) | |
| SCOTT ADDISON, | ) | Honorable Michael W. Noble |
| | ) | |
| Appellant. | ) | FILED:  March 10, 2015 |

OPINION

Scott Addison (Addison) appeals from the circuit court's final order denying his two

motions related to a previous order of the circuit court dismissing his application for trial *de novo*

and remanding his case to the municipal court.  We dismiss the appeal.[1]

Factual and Procedural Background

In August 2012, Addison was charged by information with violating Section 22.18.010 of

the Revised Code of the City of St. Louis (the City).  The information alleged that Addison had

violated the City's parks curfew ordinance, a misdemeanor.  The information instructed Addison

to appear before the municipal division of the City's circuit court.  The municipal division later

found Addison guilty and ordered him to pay a fine plus court costs.  Addison filed a timely

---

[1] Given our disposition of the appeal, the City's motions before this Court are denied as moot.

application for trial *de novo* with the circuit court. The circuit court set the trial *de novo* for January 25, 2013.

On January 7, 2013, Addison filed a motion for continuance requesting the circuit court to postpone his trial *de novo* because Addison planned to be travelling to an out-of-state family event during the same week of his trial *de novo*. On January 25, 2013, the date initially set for the trial *de novo*, counsel for the City appeared before the circuit court, but Addison failed to appear. The circuit court then granted Addison's motion for continuance but ordered that "no further defense continuances will be granted without showing of good cause." The circuit court rescheduled the case for February 21, 2013.

On February 21, 2013, a snowstorm caused the circuit court to close. When Addison arrived at the courthouse and learned the court was closed, he obtained a date-stamped copy of the docket sheet listing his case in an effort to confirm that he had attempted to appear. Addison also spoke with a police officer inside the courthouse, who stated that his court date would be reset. Several days later, the circuit court entered its order continuing Addison's case to March 14, 2013, "[d]ue to weather related snow day."

On March 14, 2013, the circuit court called Addison's case. The attorney for the City appeared, but Addison failed to appear. The court thereafter entered its order dismissing Addison's trial *de novo* appeal of the municipal court's judgment and remanded the case to the municipal court for "the original disposition and fine to be reinstated."

Several months later, in September 2013, Addison received a demand for payment and summons to appear before the City's municipal court. In October 2013, at a hearing before the municipal court, Addison stated that he had not known about the circuit court's dismissal of his

trial *de novo* appeal and remand to the municipal court. The municipal court granted a continuance so that Addison could investigate the matter.

In November 2013, Addison filed his Motion to Vacate Judgment and Remand Order and his Motion to Dismiss on Violations of Due Process with the circuit court. In both motions, Addison argued that the March 14, 2013, dismissal of his trial *de novo* appeal should be set aside because he had not received any notice of the rescheduled date for the proceeding following the continuance due to the snowstorm. The City subsequently filed its response to the motions arguing that the motions should be denied because Addison bore the burden of prosecuting his trial *de novo* appeal but failed to appear; thus, the circuit court properly dismissed the case and remanded it to the municipal court. The City further argued that the circuit court no longer had jurisdiction over the matter given that Addison's trial *de novo* appeal had been dismissed and the case had been remanded to the municipal court for execution of judgment.

On February 21, 2014, the circuit court called and heard Addison's motions and took the matter under advisement. Subsequently, on February 28, 2014, the circuit court entered its final order denying Addison's motions because, in part, the trial *de novo* appeal had been properly dismissed and the case had been remanded to the municipal court for execution of judgment nearly a year prior.

On March 11, 2014, Addison filed his notice of appeal.

Discussion

Addison presents three points on appeal; however, we must first address the jurisdictional issue before this Court before addressing Addison's points. <u>See</u> <u>City of Maplewood v. Erickson</u>, 80 S.W.3d 477, 478 (Mo. App. E.D. 2002).

3

In all cases of final judgment rendered upon any indictment or information, an appeal to the proper appellate court shall be allowed to the defendant, provided that the defendant or his attorney of record shall file his written application for such appeal during the term at which the judgment is rendered. Section 547.070.[2] Where the defendant in a misdemeanor case has the right of appeal, he must file his notice of appeal with circuit court within ten days after the judgment becomes final. Rule 30.03[3]; Erickson, 80 S.W.3d at 479.

All trials *de novo* shall proceed in the manner provided for the trial of a misdemeanor by the rules of criminal procedure. Rule 37.74; Erickson, 80 S.W.3d at 479. A trial *de novo* functions as an appeal of the municipal court's decision to the circuit court. See City of St. Louis v. Rollins, 32 S.W.3d 187, 188-89 (Mo. App. E.D. 2000). The filing of an application for trial *de novo* shall suspend the execution of the judgment of the municipal division. Rule 37.72. If the applicant for trial *de novo* withdraws the application or if, before the commencement of trial, the court enters a finding that the applicant has abandoned the trial *de novo*, the case shall be remanded to the municipal division for execution of judgment. Id. Additionally, the applicant for trial *de novo* could fail to appear in the circuit court, providing the court with the discretion to dismiss the *de novo* proceeding and remand the case to the municipal court. Erickson, 80 S.W.3d at 479; Rollins, 32 S.W.3d 189. Furthermore, the denial of a motion to set aside the dismissal of a petition for trial *de novo* and to reinstate the appeal is viewed as a final disposition of a defendant's request for trial *de novo*. Erickson, 80 S.W.3d at 479.

Here, Addison appeals the circuit court's February 28, 2014, denial of his motions to set aside the dismissal of his trial *de novo* appeal. This was the final disposition of Addison's previous application for trial *de novo*, which resulted in the reinstatement of his municipal

---

[2] All statutory references are to RSMo. 2000, as amended.

4

conviction and sentence because the suspension placed on the judgment and sentence due to Addison's application for trial *de novo* was removed. <u>Erickson</u>, 80 S.W.3d at 479. Consequently, the judgment became final on February 28, 2014, and Addison was required to file his notice of appeal within ten days; however, he did not file his notice of appeal until March 11, 2014, in excess of the ten-day jurisdictional requirement. <u>Id</u>. Therefore, because his notice of appeal was untimely filed, this Court is without jurisdiction to consider the appeal.

<u>Conclusion</u>

The appeal is dismissed.

_____
Mary K. Hoff, Judge

Sherri B. Sullivan, Presiding Judge and Philip M. Hess, Judge, concur.

---

[3] All rules references are to Missouri Supreme Court Rules (2014).