**Opinion issued June 13, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00856-CV

————————————

## IN RE NANCY ZHANG, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

In this original proceeding, relator Nancy Zhang seeks mandamus relief from the trial court's discovery order granting a motion to compel.[1] Zhang contends that the trial court abused its discretion by compelling her to produce

---

[1] The underlying case is *Gui Ming Jin v. Nancy Dong Zhang AKA Nancy Zhang*, cause number 2021-66512, pending in the 151st District Court of Harris County, the Honorable Mike Engelhart presiding.

non-existent and irrelevant discovery and by improperly compelling the production of personal tax return and net worth information.

We agree and conditionally grant mandamus relief.

## Background

The underlying suit alleges that real party in interest Gui Ming Jin sold her home in China and sent the sale proceeds to her daughter, Zhang,[2] in exchange for Zhang caring for Jin and sponsoring her green card. Zhang contends that the money was a gift.

In her live pleading, Jin asserted claims against Zhang for breach of contract, declaratory relief, fraudulent inducement, common law fraud, constructive fraud, promissory estoppel, money had and received, and breach of fiduciary duty. On July 5, 2022, the trial court granted Zhang's motion for partial summary judgment, dismissing all of Jin's claims except for money had and received and promissory estoppel.

Jin served her first set of interrogatories and requests for production on January 19, 2022 and a second set of interrogatories and requests for production on July 29, 2022. Zhang timely objected to both sets of discovery.

---

[2] Jin has another daughter named Wei Zhang. All references to Zhang in this opinion refer to Nancy Zhang.

On October 7, 2022, Jin sent a deficiency letter to Zhang, objecting to Zhang's responses to discovery. Zhang responded with an October 12, 2022 letter, clarifying why she objected to the discovery requests.

On October 24, 2022, Jin moved to compel answers to the January 19, 2022 discovery. Her motion to compel also attached the October 7 deficiency letter, which objected to (1) Zhang's responses to the first set of interrogatories 4 and 17–20; (2) Zhang's responses to the first set of requests for production 1, 2, 6–9, 11–15, and 17–18; (3) Zhang's responses to the second set of requests for production 1, 2, 7–14, 16–19, 21–32, and 34; and (4) Zhang's responses to the second set of interrogatories 2 and 3.

On October 31, 2022, Zhang responded to the motion to compel, noting that it was deficient and failed to include Zhang's October 12, 2022 clarifying letter. Zhang additionally explained that she was not withholding any responsive non-privileged documents.[3]

On November 10, 2022, the trial court granted Jin's motion to compel, stating, "it appears to the Court that the Motion should be GRANTED. The Court reviewed the letter attached to [Jin's] Motion. It is therefore ordered that, on or

---

[3] Zhang also filed a motion for protective order, seeking protection from Jin's request for personal financial information. The record does not include a ruling on Zhang's motion.

before December 2, 2022, Nancy Zhang completely and fully respond to the Discovery Requests previously served herein by Plaintiff."

After the trial court granted Jin's motion to compel, Zhang filed an emergency motion to clarify. Zhang argued that the trial court's order was ambiguous, that it did not define "discovery requests," that it ordered Zhang to respond to discovery requests that were irrelevant, without any limitation as to time, and without any protection for Zhang's personal identifying information. The trial court denied Zhang's motion to clarify.

Zhang now seeks mandamus relief in this Court. We previously granted Zhang's request for temporary relief and stayed the trial court's November 10, 2022 discovery order.

## Standard of Review and Applicable Law

To be entitled to a writ of mandamus, a relator must demonstrate that the trial court abused its discretion and that the relator has no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). The scope of discovery permitted by a trial court is reviewed for an abuse of discretion. *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so

arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker*, 827 S.W.2d at 839.

With respect to the resolution of factual issues, the reviewing court may not substitute its judgment for that of the trial court, and the relator must establish that the trial court could reasonably have reached only one decision. *Id*. at 839–40. A trial court has no discretion in determining what the law is or in applying the law to the facts. *Id*. at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion. *In re Allstate Cnty. Mut. Ins. Co*., 85 S.W.3d 193, 195 (Tex. 2002) (orig. proceeding).

The Texas Rules of Civil Procedure define the general scope of discovery "as any unprivileged information that is relevant to the subject of the action, even if it would be inadmissible at trial, as long as the information sought is 'reasonably calculated to lead to the discovery of admissible evidence.'" *CSX*, 124 S.W.3d at 152 (quoting TEX. R. CIV. P. 192.3(a)). Courts measure the scope of discovery by the live pleadings containing the pending claims.[4]

Because parties are not entitled to unlimited discovery, a trial court must impose reasonable discovery limits. *See In re Graco Children's Prods., Inc*., 210

---

[4]    *See In re Booth*, No. 14–14–00637–CV, 2014 WL 5796726, at *2 (Tex. App.—Houston [14th Dist.] Oct. 21, 2014, orig. proceeding) (per curiam) (mem. op.) (citing *In re Citizens Supporting Metro Solutions, Inc*., No. 14–07–00190–CV, 2007 WL 4277850, at *3 (Tex. App.—Houston [14th Dist.] Oct. 18, 2007, orig. proceeding) (mem. op.)).

S.W.3d 598, 600 (Tex. 2006) (orig. proceeding) (per curiam). Requests for information must be "reasonably tailored to include only matters relevant to the case" and may not be used as a "fishing expedition." *In re Am. Optical Corp*., 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding). Discovery requests must therefore be limited to the relevant time, place, and subject matter. *See In re Xeller*, 6 S.W.3d 618, 626 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding). Requests not reasonably tailored as to time, place, or subject matter are overbroad as a matter of law. *See, e.g.*, *CSX*, 124 S.W.3d at 152.[5]

An order that compels overbroad discovery constitutes an abuse of discretion for which mandamus is the appropriate remedy. *See In re Nat'l Lloyds Ins. Co*., 507 S.W.3d 219, 223 (Tex. 2016) (orig. proceeding).[6] Indeed, "[m]andamus relief is available when[ever] [a] trial court compels production beyond the permissible bounds of discovery." *In re Weekley Homes, L.P*., 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding). Under this analysis, a party will not have an adequate remedy by appeal when the appellate court is unable to cure the trial court's discovery error. *Walker*, 827 S.W.2d at 843.

---

[5]     *See also In re Am. Optical Corp*., 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding); *Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995); *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995).

[6]     *See also Dillard Dep't Stores*, 909 S.W.2d at 492; *In re Houstonian Campus, L.L.C*., 312 S.W.3d 178, 183 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding).

**Analysis**

Jin's motion to compel and her deficiency letter sought discovery responses to the January 19 and July 29 interrogatories and requests for production. In its order, the trial court granted Jin's motion to compel and broadly ordered Zhang to respond to all discovery requests without limitation. Interlineated notes on the trial court's order show that it considered the deficiency letter attached to Jin's motion, thus indicating that the trial court ordered Zhang to answer both the January and July discovery.[7] We therefore analyze both sets of discovery.[8]

**January 19, 2022 Interrogatories**

The deficiency letter sought discovery responses to the following interrogatories:

> Interrogatory 17. If you contend Plaintiff did not perform her contractual obligations, explain what part of the plaintiff's contractual obligations she did not perform, including a description of the obligation and the exact time, date, and place of Plaintiff's failure to perform.

> Interrogatory 18. If you contend plaintiff did not suffer damages for the breach of the contract, state the factual basis for your contention.

---

[7] The record does not contain any trial court rulings on Zhang's objections to discovery. A court must address objections before it compels discovery, not after. *See* TEX. R. CIV. P. 193.4(b) (providing no response to discovery is required if objections are sustained).

[8] Because the trial court's order compels Zhang to respond to all discovery requests without any limitation, and thus is overbroad, we conclude that it is unnecessary to address each objectionable discovery request and limit our analysis accordingly. *See* TEX. R. APP. P. 47.1.

7

Interrogatory 19. If you contend Plaintiff should have, but did not, mitigate her damages, provide the factual basis for this contention.

Interrogatory 20. If you contend you were induced by fraud to enter into the contract, state the factual basis for your contention.

Zhang initially answered that the interrogatories were vague and ambiguous. Later, in her response to the motion to compel and in her October 12, 2022 clarifying letter, Zhang asserted that interrogatories 17–20 were irrelevant because they concerned Jin's breach-of-contract claim that had been disposed of by summary judgment. Jin provided no explanation to the trial court, or this Court, as to how these interrogatories could be relevant after summary judgment was granted on the breach-of-contract claim.

The trial court nevertheless ordered Zhang to respond to these interrogatories which, on the face of the record, were no longer relevant. Because that is beyond the permissible bounds of discovery, the trial court abused its discretion in ordering Zhang to respond to these interrogatories. *See* TEX. R. CIV. P. 192.3(a) (allowing discovery regarding any matter not privileged and relevant to subject matter of pending action).[9]

---

[9] *See also* TEX. R. CIV. P. 192.4(b) (prohibiting discovery when burden outweighs likely benefit).

**January 19, 2022 First Requests for Production**

In her deficiency letter, Jin complained that Zhang did not answer requests

2, 7, 9, and 12:

> RFP 2.  Produce all documents reflecting that Defendant was a party to the June 28, 2019, sale referred to in Plaintiff's Original Petition.
>
> RFP 7.  All documents evidencing that you and Plaintiff argued about how the sale proceeds of the Property were being spent.
>
> RFP 9.  Produce any document reflecting that Plaintiff requested you be her fiduciary.
>
> RFP 12.  Any document reflecting that you visited . . . China in January 2019.

For these requests, Zhang answered, "None."

Jin also complained about Zhang's responses to requests 1, 11, and 14–18.

> RFP 1.  Produce all documents evidencing the closing of the June 28, 2019 sale of the Property referred to in Plaintiff's Original Petition.
>
> RFP 11.  Any documents reflecting, evidencing, or identifying the "projects or investment opportunities" that you discussed with Plaintiff during your visit to China in January 2019.
>
> RFP 14.  All documents reflecting the transfer by the buyer of the Property of $1.2M dollars to you the sale proceeds of the Property referred to in Plaintiff's Original Petition.
>
> RFP 15.  Any document reflecting payments by you to the Third-Party Defendant in 2019-2021 from the sale proceeds of the Property.

9

RFP 17. Produce any document evidencing or reflecting that, in connection with the sale of the Property, you were engaged in a business transaction with Plaintiff.

RFP 18. Produce any document evidencing or reflecting that you and Plaintiff were engaged in any business transaction in connection with Plaintiff's Original Petition.

In response to each of these requests, Zhang answered with an objection, and subject to the objection, "none."

Thus, for all ten of these requests for production, Zhang answered that there are no such documents. It is axiomatic that a party cannot be compelled to produce documents that do not exist. *See In re Sun Coast Res.*, 562 S.W.3d 138, 156 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding). By compelling Zhang to produce documents that she stated do not exist, the trial court abused its discretion. *See id.*

**Jin's Second Set of Requests for Production**

For her second set of requests for production, Jin complained about Zhang's responses to requests 1, 8, 18–19, and 34.

RFP 1. Produce all documents evidencing the closing of Plaintiff's real property in China.

RFP 8. Produce any document reflecting your hiring an immigration attorney and paying them for Plaintiff's application.

Zhang responded to both requests with an objection and that, again, she had no such documents. As we held above, a trial court abuses its discretion when it orders a party to produce documents that do not exist. *See id.*

In requests for production 18, 19, and 34, Jin asked for Zhang's personal tax returns and supporting documentation:

> RFP 18. All federal and state income-reporting documents, including tax returns with all schedules and amendments, profit and loss statements, financial statements, balance sheets, income statements, and partnership and/or joint venture agreements, whether personal or for any entity in which the parties own or claim, or have owned or claimed, any interest.
>
> RFP 19. All W-2 forms, 1099 forms, K-1 forms, Form SSA-1099, Personal Earnings Benefit Estimate Statement (PEBES), and other income-and revenue-reporting forms that evidence your income.
>
> RFP 34. If not produced in response to a different production request, produce all federal and state income-reporting documents, including tax returns with all schedules and amendments, whether personal or for any entity in which you own or claim, or have owned or claimed, any interest, pertaining to you or your income, since the date of January 1, 2019.

Zhang objected to each of these requests on the basis that they are overbroad. Zhang also sought a protective order contending that these requests invade her personal, constitutional, or property rights.

**Tax Returns and Net Worth Discovery**

Tax returns enjoy special protections. *See Maresca v. Marks*, 362 S.W.2d 299, 301 (Tex. 1962). Federal law requires that tax returns be kept confidential, except in limited circumstances. *See In re Irvin*, No. 05–98–01771–CV, 1998 WL 908955, at *4 (Tex. App.—Dallas Dec. 31, 1998, orig. proceeding) (citing I.R.C. §§ 6103, 7431 (1998)). Texas law thus requires proof of a special need for the production of a tax return in a civil action. *See id.*; *see also Maresca*, 362 S.W.2d at 301.

The requesting party must establish the relevancy and materiality of the tax returns sought. *El Centro del Barrio, Inc. v. Barlow*, 894 S.W.2d 775, 780 (Tex. App.—San Antonio 1994, orig. proceeding). The requesting party must also show that sufficient information of financial status cannot be obtained elsewhere. *See Sears, Roebuck & Co. v. Ramirez*, 824 S.W.2d 558, 559 (Tex. 1992) (orig. proceeding). The trial court then has to weigh the privacy interests of the responding party in its financial records and the need for the evidence. *El Centro del Barrio*, 894 S.W.2d at 779.

Here, the record does not show that Jin satisfied her burden of establishing the relevancy and materiality of Zhang's personal tax returns. *See id.* Jin also failed to demonstrate that sufficient information of financial status could not be

obtained elsewhere. *See Ramirez*, 824 S.W.2d at 559; *El Centro del Barrio*, 894 S.W.2d at 780.

Accordingly, in the absence of these predicate showings, the trial court abused its discretion in compelling responses to requests 18 and 34, without any limitation, and apparently with no consideration of the private nature of personal tax returns.[10]

Additionally, part of request 18 seeks documents showing Zhang's net worth. *See In re Garth*, 214 S.W.3d 190, 193 (Tex. App.—Beaumont 2007, orig. proceeding) (noting that balance sheet shows net worth). The discovery of net worth information requires a written court order before any such discovery can occur. *See* TEX. CIV. PRAC. & REM. CODE § 41.0115(a). "On the motion of a party and after notice and a hearing, a trial court may authorize discovery of evidence of a defendant's net worth if the court finds in a written order that the claimant has demonstrated a substantial likelihood of success on the merits of a claim for exemplary damages." *Id.*[11] Exemplary damages are "any damages awarded as a

---

[10]  Moreover, requests 18 and 19 contain no time limitation. Discovery requests that are not limited as to time frame or scope are impermissibly overbroad. *See In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003).

[11]  *See In re Michelin N. Am., Inc.*, No. 05-15-01480-CV, 2016 WL 890970, at *8 (Tex. App.—Dallas Mar. 9, 2016, orig. proceeding) (mem. op.) (stating that section 41.0115(a) "requires a party seeking net worth discovery to first demonstrate and obtain a finding from the trial court that there is a substantial likelihood of success on the merits of a claim for exemplary damages"); *see also In re WTG Fuels, Inc.*, No. 11-19-00390-CV, 2020 WL 205254, at *3 (Tex.

13

penalty or by way of punishment but not for compensatory purposes." TEX. CIV. PRAC. & REM. CODE § 41.001(5).

Here, the trial court's order does not include any finding that Jin demonstrated a substantial likelihood of success on the merits of any claim for exemplary damages. In the absence of that statutorily required finding, the trial court abused its discretion in compelling the production of Zhang's net worth. *See Id.* § 41.0115(a); *In re Michelin N. Am., Inc.*, No. 05-15-01480-CV, 2016 WL 890970, at *8 (Tex. App.—Dallas Mar. 9, 2016, orig. proceeding) (mem. op.).

**Adequate Remedy by Appeal**

To be entitled to mandamus relief, Zhang must lack an adequate remedy by appeal. *See In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 247 (Tex. 2021) (orig. proceeding). It is settled that "parties lack an adequate appellate remedy from orders compelling discovery beyond what the rules allow." *In re Millwork*, 631 S.W.3d 706, 714 (Tex. 2021) (orig. proceeding) (per curiam).

Here, the trial court's order compels Zhang to answer overbroad discovery requests that seek irrelevant information, to produce documents that do not exist, and to produce personal tax returns and net worth information without the required showing. This goes beyond what Texas law allows. Zhang therefore lacks an adequate remedy by appeal. *Id.*

App.—Eastland Jan. 13, 2020, orig. proceeding) (mem. op.) (noting claimant is allowed to pursue net worth discovery only after obtaining written order).

14

## Conclusion

Accordingly, for all of the reasons above, we conditionally grant Zhang's petition for writ of mandamus. We order the trial court to vacate its November 10, 2022 discovery order and to rule on Zhang's discovery objections and motion for protective order. The writ will issue only if the trial court fails to do so. We also lift the stay entered on November 22, 2023. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided.").

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Guerra and Farris.