**Opinion issued October 31, 2023**



In The

# Court of Appeals

### For The

## First District of Texas

———————————

### NO. 01-22-00360-CR

———————————

### GEORGE THOMAS REDMON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 344th District Court
### Chambers County, Texas
### Trial Court Case No. 19DCR0136

---

### MEMORANDUM OPINION

A jury convicted George Thomas Redmon of the felony offense of indecency with a child by contact. TEX. PENAL CODE § 21.11(a)(1). In his sole issue on appeal, Redmon complains that the evidence was insufficient to show that he intended to

arouse or gratify his sexual desires. Because there was sufficient evidence to infer intent, we affirm.

## Background

Redmon and T. Rose had been dating for several months, and before that Redmon had been a family friend for several years. Rose is the mother of S.R. (Sarah),[1] who was 10 years old at the time of the offense. Sarah would go with Rose to Redmon's ranch frequently to ride buggies or ATVs. In July 2018, while at Redmon's ranch, Sarah's brother took Sarah, her younger sister, and three other children riding across Redmon's property on Redmon's buggy, but they got stuck and broke the buggy. Sarah went to get help from Redmon. Upon finding Redmon, she told him that the buggy was broken, and they needed help. Redmon got upset and told Rose that he was going with Sarah to help the children. Redmon insisted that Sarah join him on his single-seat tractor to direct him to where the buggy was. Redmon had her sit on his lap and put her hands on the steering wheel. Redmon placed his arm around Sarah's stomach, and after they began driving, his hand started to drift toward her vagina. Sarah moved his hand off, but he moved it back and began

---

[1] We refer to the child complainant by a pseudonym to protect their privacy. *See* TEX. CONST. art. 1, § 30(a)(1) (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

to move his thumb up and down across her vagina. Redmon kept doing this until Sarah jumped off the tractor when she saw her brother.

Not knowing about the incident, Rose continued to visit Redmon with her children. On one visit in September, Redmon was upset because of trouble he was having with his buggy. After an argument between Sarah's brother and Redmon, Rose and her children left. When they arrived home, Sarah asked to talk to Rose and began crying. She then told Rose about what Redmon did to her back in July. Rose spoke to law enforcement about the incident soon after. Sarah, Rose, and Redmon were all interviewed about the incident.

Redmon was charged with the felony offense of indecency with a child by contact, pleaded not guilty, and went to trial. During the guilt-innocence phase of the trial, the jury heard from Officer K. Pascual, former Detective B. Hasley, Rose, and Sarah. The jury convicted Redmon and sentenced him to three years' confinement.

## Sufficiency of the Evidence

In his sole issue, Redmon contends that the evidence did not establish that he acted with the intent to gratify or arouse his sexual desires. *See* TEX. PENAL CODE § 21.11(c).

## A. Standard of Review

We determine whether the evidence is sufficient by considering all the evidence, in the light most favorable to the jury's verdict, to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We defer to the factfinder to fairly resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from the facts. *Williams*, 235 S.W.3d at 750. Our role is that of a due process safeguard, and we consider only whether the factfinder reached a rational decision. *See Malbrough v. State*, 612 S.W.3d 537, 559 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd); *see also Morgan v. State*, 501 S.W.3d 84, 89 (Tex. Crim. App. 2016) (reviewing court's role "is restricted to guarding against the rare occurrence when a fact finder does not act rationally").

Sufficiency of the evidence should be measured by the elements of the offense as defined by a hypothetically correct jury charge. *See Hardy v. State*, 281 S.W.3d 414, 421 (Tex. Crim. App. 2009). We must consider both direct and circumstantial evidence, as well as any reasonable inferences that may be drawn from the evidence. *See Malbrough*, 612 S.W.3d at 559 (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)); *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). Circumstantial and direct evidence are equally probative in establishing the

4

defendant's guilt, and circumstantial evidence alone can be sufficient. *Clayton*, 235 S.W.3d at 778; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The State need not disprove all reasonable alternative hypotheses inconsistent with a defendant's guilt for the evidence to be sufficient. *Wise*, 364 S.W.3d at 903. An appellate court "considers only whether the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict." *Id.* We review factual and legal sufficiency under the same standard of review. *See Edwards v. State*, 497 S.W.3d 147, 156 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd).

## B.     Analysis

A person commits the offense of indecency with a child by contact if he "engages in sexual contact with [a] child" younger than seventeen years old. TEX. PENAL CODE § 21.11(a)(1). "Sexual contact" means "any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child," if the act is "committed with the intent to arouse or gratify the sexual desire of any person." *Id.* § 21.11(c)(1). The indictment here charged Redmon with engaging in sexual contact with Sarah by touching her genitals. Intent may be inferred from the defendant's conduct, remarks, and all the surrounding circumstances, including a common pattern of similar acts. *McDonald v. State*, 148

5

S.W.3d 598, 600 (Tex. App.—Houston [14th Dist.] 2004), *aff'd*, 179 S.W.3d 571 (Tex. Crim. App. 2005).

Redmon contends that he held onto Sarah to prevent her from falling off the tractor because he was drunk, and it was a bumpy ride. Redmon points to Rose's testimony that he explained it was an accident and to Sarah's testimony that said in in her initial interview with law enforcement that she also thought the touching was an accident. He also highlights that after a conversation with Rose and Sarah about the incident, Sarah gave him a hug.

But Rose also testified about how Sarah's demeanor changed around Redmon after the incident. Sarah went from being excited to see Redmon when they visited to shying away from him. She explained that Sarah had reservations about Redmon's explanation of the incident and Sarah's body language was stiff, showing her reluctance and hesitation after their group conversation. Additionally, Rose stated that Redmon proposed to her after he learned of Sarah's accusation and told Rose to "drop the shit or get it fixed" regarding the investigation by law enforcement.

Sarah's testimony also does not comport with Redmon's version of events. She testified that when the incident occurred, Redmon put his hand back on her vagina every time she removed it and then moved his thumb up and down along her vagina "most every time" that his hand was there. Sarah explained that she thought it might be an accident the first time it happened, but she stopped believing it was

accidental when it happened multiple times in a row. She noted that it was always his same hand that kept moving down and rubbing her vagina, yet his other hand managed to stay around her waist without issue. Sarah also explained that she told law enforcement the touching may have been accidental because Redmon and her mother had just gotten engaged, and she wanted to keep her mother happy.

Although Redmon has identified conflicting evidence, and offered an alternative theory, we presume the jury weighed the evidence and resolved any concerns in favor of the verdict. *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012) (jury is sole judge of witness credibility and weight of any evidence); *see Cantu v. State*, 395 S.W.3d 202, 210–11 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (State need not disprove all reasonable alternative hypotheses inconsistent with defendant's guilt).

The jury could have inferred Redmon's intent to gratify or arouse his sexual desire from testimony that he admitted rubbing his thumb along Sarah's vagina, even though he said it was accidental. *See Perales v. State*, 226 S.W.3d 531, 535 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (intent can be inferred from defendant's conduct, remarks, and surrounding circumstances). The jury could also have inferred intent from Sarah's testimony that despite removing Redmon's hand multiple times, he repeatedly put his hand back onto her vagina and continued rubbing it. *Id.* And

they could have inferred intent from the descriptions Rose gave of Sarah's body language and behavior around Redmon after the incident occurred. *Id.*

Viewing the evidence in the light most favorable to the verdict, a rational factfinder could have found beyond a reasonable doubt that Redmon touched Sarah with the intent to arouse or to gratify his sexual desire. That there was conflicting evidence does not mean that a jury could not have inferred intent from the evidence presented. We overrule Redmon's sole issue.

## Conclusion

We affirm the trial court's judgment.


Sarah Beth Landau
Justice

Panel consists of Justices Kelly, Landau, and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).